375 A.2d 86

**Herman STRICKLER and Pauline Strickler**

v.

**UNITED ELEVATOR CO. (INC.), N.P.S.S. Corporation, Westinghouse Electric Corp., Pennsylvania Real Estate Investment Trust.**

**Appeal of PENNSYLVANIA REAL ESTATE INVESTMENT TRUST.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided June 29, 1977.

George D. Sheehan, Philadelphia, for appellant.

Thomas J. McCormack, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This is an appeal by Pennsylvania Real Estate Investment Trust from an order of the lower court dismissing its peti-

tion to open and/or strike the default judgment entered against it on January 19, 1976. For the reasons developed below, we reverse.

The essential facts of this case are not in dispute and may be summarized as follows: On June 20, 1974, Herman Strickler, a 93 year old tenant in Pennsylvania's apartment house, sustained personal injuries when he fell while entering an elevator on the sixth floor of the building. Mr. Strickler and his wife Pauline thereafter commenced an action for damages against United Elevator Company, Inc.,[1] N.P.S.S. Corporation, Westinghouse Electric Corporation[2] and Pennsylvania. On October 20, 1975, appellees, the Stricklers, served interrogatories on United, Westinghouse and Pennsylvania, directing that they be answered within twenty days of service. No answers were filed.

Thereupon appellees, by letter dated December 5, 1975, notified United Westinghouse and Pennsylvania of their intention to initiate sanction procedures pursuant to Philadelphia Civil Rule 4005*(d).[3] Attached to this letter were

[1] United Elevator Company, Inc., had contracted with Pennsylvania to service and maintain the elevator involved in this action.

[2] Westinghouse Electric Corporation was the manufacturer of the elevator.

[3] Rule 4005*(d) provides, in pertinent part, as follows:
"If the adverse party fails to file of record answers to the interrogatories within the time period required by this Rule . . . the Prothonotary shall, on praecipe and certification of service, and upon ten days notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty days of the date of the order, and providing for sanctions as hereinafter set forth.
"This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.
"The interlocutory order of the Prothonotary setting forth sanctions as provided herein, shall be as follows:
"(1) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the non-answering party who shall be

copies of (1) a notice of intention to file a praecipe for an interlocutory order, (2) a certification of service of the notice of intention to file a praecipe and an interlocutory order, (3) a praecipe for an interlocutory order, and (4) an interlocutory order. The Prothonotary accordingly entered an interlocutory order on December 16, 1975, directing United, Westinghouse and Pennsylvania to file their answers to the outstanding interrogatories within thirty days from the date of service of the order.

No answers having been filed, appellees, on January 19, 1976, filed a supplemental praecipe directing the Prothonotary to enter a final order of judgment by default. The docket indicates that a certification of service of the interlocutory order on January 19, 1976, accompanied the filing of this supplemental praecipe. On the same date, the Prothonotary entered a final order of judgment by default as to liability. Pennsylvania filed answers to the outstanding interrogatories on January 20, 1976, following the entry of judgment against it.

On February 27, 1976, Pennsylvania filed its petition to open and/or strike the judgment by default. This appeal followed Judge LAGAKOS's order dismissing that petition.

■ It is well-settled that a motion to strike a default judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. *Fleck v. McHugh*, 241 Pa.Super. 307, 361 A.2d 410 (1976). The record in the instant case reveals that appellees filed an interlocutory order on December 16, 1975, directing appellant to file answers to the outstanding interrogatories within thirty days from the date of service of the order. Appellant

precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories; . . .

. . . . .

"Wherever a praecipe is required herein, it shall be filed by the party filing the interrogatories.
"Note:
"Rule 4005*(d) adopted May 16, 1974, effective immediately. On the following pages are suggested forms of the various notices, certificates, and orders required by this rule—Ed."

contends that it was not served with a copy of the interlocutory order entered by the Prothonotary, and that Rule 4005*(d) required such service to be made to give appellant an opportunity to comply with its directive. Appellees point out, however, that a copy of the order was attached to their notice of intention to file a praecipe for an interlocutory order, which was served on December 5, 1975. They argue, therefore, "[s]ince appellant admits being served with this order on December 5, 1975, it had a duty to file [its] answers on or before January 5, 1976, or expose itself to a judgment by default as to liability." Appellees' Brief at 10.

■ We recognize that the party filing interrogatories can secure a final order after the thirty day interlocutory period has run. The question presented for our consideration is whether service of the unexecuted form of interlocutory order on December 5, 1975, was the required service of the interlocutory order handed down on December 16, 1975, and commenced this thirty day period. We conclude that it did not.

In a case similar to the instant one, Judge KALISH of the Court of Common Pleas of Philadelphia County ordered a judgment of non pros stricken because a copy of the interlocutory order, as executed by the Prothonotary, had never been served. *Leonzi v. Scott Penske Chevrolet, Inc., et al.,* No. 1774 January Term, 1975 (Philadelphia County, Trial Division, August 12, 1976). There, as in the present case, the Prothonotary entered an interlocutory order directing that answers to outstanding interrogatories be filed within thirty days from the date of service of the order. The record revealed, however, that only the unexecuted form of order, submitted to the Prothonotary with the original praecipe, had been served on the adverse party. Judge KALISH, in holding that the interlocutory period of Rule 4005*(d) does not commence until a copy of the executed order is served, concluded that the judgment had been improperly entered.

■ We find Judge KALISH's reasoning persuasive. Rule 4005*(d) provides that the Prothonotary shall enter an interlocutory order directing the adverse party to file answers within thirty days from the date of the order. However, the form of order appellees submitted to the Prothonotary, and the interlocutory order entered by the Prothonotary, directed appellant to file its answers within thirty days from the date of service of the order. If service of the unexecuted order commenced the thirty day interlocutory period, as appellees contend, then appellees could have secured a final order on January 5, 1976. A final order entered on that date, however, would clearly have been premature, since thirty days would not have passed from the date of the interlocutory order. Therefore, the only interpretation which would be consistent with the Rule, is that service of a copy of the executed order was required, and that appellant would have thirty days thereafter in which to file its answers to the interrogatories. Since the record on its face does not show that a copy of the interlocutory order, as executed by the Prothonotary, was served upon appellant, 30 days prior to judgment, entry of judgment was improper.

Accordingly, the lower court's order refusing to strike the default judgment is reversed.[4]

---

4. Because of our disposition of this case, we need not consider whether the lower court erred in refusing to open the judgment.