384 A.2d 1257

**Eugene A. TICE and Diane R. Lindsay Bradley, Administratrix of the Estate of Robert Lindsay, Deceased, Appellee,**

v.

**NATIONWIDE LIFE INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1977.

Decided April 13, 1978.

James M. Marsh, Philadelphia, with him LaBrum & Doak, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee, Tice.

Michael Goldman, with him Harris M. Rosen, Philadelphia, for appellee, Bradley.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This is an appeal by Nationwide Life Insurance Company from an order of the lower court denying its petition to open a default judgment. For the reasons developed below, we affirm.

The following relevant facts appear in the record: Eugene A. Tice, plaintiff below, filed a complaint in assumpsit on September 16, 1974, seeking the proceeds of a $50,000 life insurance policy issued by appellant on the life of Robert Lindsay. Appellant filed an answer and new matter in which it alleged, *inter alia*, that Tice had no insurable interest in the insured's life. Thereafter, the insured's widow, as administratrix of his estate, was permitted to intervene as a party plaintiff. In her complaint in assumpsit, filed June 3, 1975, appellee Diane R. Lindsay Bradley averred that the insured's estate, rather than Tice, was entitled to the proceeds of the policy and that Nationwide was obligated to pay an additional $50,000 since the insured died by accidental means. This complaint was duly answered by appellant.

On June 16, 1976, appellee Bradley filed interrogatories to be answered by appellant within twenty days of service. Neither objections nor answers, however, were provided. Appellee thereupon advised appellant's counsel, by letter dated October 26, 1976, of her intention to initiate sanction procedures pursuant to Philadelphia Civil Rule 4005*(d).[1]

1. Rule 4005* (d) provides, in pertinent part, as follows:

"If the adverse party fails to file of record answers to the interrogatories within the time period required by this Rule . . . the Prothonotary shall, on praecipe and certification of service, and upon ten days notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty days of the date of the order, and providing for sanctions as hereinafter set forth.

"This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.

Attached to this letter were (1) a notice of intention to file a praecipe for an interlocutory order, (2) a certification of service of the notice of intention to file a praecipe and an interlocutory order, (3) a praecipe for an interlocutory order, and (4) an interlocutory order. Appellant's counsel did not respond to this letter, and no answers to the interrogatories were filed. Appellee's praecipe was filed on November 8, and the Prothonotary entered an interlocutory order on that date directing appellant to answer the outstanding interrogatories within thirty days of service of the order or suffer a judgment by default. Also on that date, appellee sent appellant's counsel a letter advising him that the praecipe and related papers had, in fact, been filed.

No answers to the interrogatories were forthcoming and appellee, on December 9, 1976, filed a supplemental praecipe directing the Prothonotary to enter a final order of judgment by default. Appellant's counsel was notified of the entry of the judgment on December 11 and, on December 17, appellant filed a petition to open the judgment entered against it. This appeal followed Judge GOODHEART'S order dismissing that petition.

It is well-established that "a petition to open a default judgment is addressed to the lower court's equitable powers and is a matter of judicial discretion." *Hersch v. Clapper*, 232 Pa.Super. 550, 552, 335 A.2d 738, 740 (1975) and cases therein cited. Before a default judgment may be

"The interlocutory order of the Prothonotary setting forth sanctions as provided herein, shall be as follows:
"(1) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the non-answering party who shall be precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories; . . .

"Wherever a praecipe is required herein, it shall be filed by the party filing the interrogatories.
"Note:
"Rule 4005*(d) adopted May 16, 1974, effective immediately. On the following pages are suggested forms of the various notices, certificates, and orders required by this rule—Ed."

opened in an assumpsit action, we must find that three factors have coalesced: (1) the petition to open was promptly filed, (2) a meritorious defense was shown, and (3) the reason for the delay was reasonably explained or excused.[2] *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976); *McEvilly v. Tucci*, 239 Pa.Super. 474, 362 A.2d 259 (1976).

Clearly, in the instant case, the requirements of prompt filing and averment of a meritorious defense were satisfied.[3] The problem facing us is whether the lower court erred in holding that appellant failed to reasonably explain or offer a legitimate excuse for the delay that occasioned the default judgment. In making this determination, we are guided by the principle that the lower court decision will not be overturned on appeal absent an error of law or a clear, manifest abuse of discretion,[4] *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973), *Jenkins v. Murray*, 250 Pa.Super. 519, 378 A.2d 1269 (1977).

The essence of the lower court's opinion in this case is a finding that appellant, or more properly its counsel, exhibited a total indifference to the interrogatories mailed in June, 1976. This delay of nearly six months had to be reasonably explained or excused because it was *that* delay, not simply the failure to answer within the thirty day limitation of the November 8th Order, which occasioned the default judgment.

**2.** Unlike trespass actions where a meritorious defense is demanded only when the equities are not otherwise clear, a meritorious defense is mandatory in assumpsit actions. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *DiNenno v. Great Atlantic and Pacific Tea Co., Inc.*, 245 Pa.Super. 498, 369 A.2d 738 (1976).

**3.** This point is not disputed by either the lower court or appellee.

**4.** Our scope of review is distinctly delimited. "It is not enough that we would decide differently were we the court of initial jurisdiction. There must be a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against the defendant." *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 373, 335 A.2d 371, 374 (1975) (Dissenting Opinion by HOFFMAN, J., in which JACOBS and SPAETH, JJ., joined).

Appellant's counsel, in support of the petition to open, averred the following: He became involved with the defense of this case after another associate resigned from the law firm in March, 1976, and, therefore, he was responsible for answering the interrogatories which were mailed by appellee on June 16, 1976. One of the firm's paralegals assisted him in preparing the responses and, in mid-July, counsel instructed his secretary to type those answers and forward them to Nationwide's home offices for review and execution; the executed answers were to be filed when they were returned by Nationwide. Then, on August 5, 1976, "assuming that his instructions had been followed," counsel departed for his two weeks annual military training in upstate New York. During that training period, he was notified that "complex commercial litigation," which was pending in Los Angeles, was about to be settled. Counsel therefore flew to Los Angeles on August 23, 1976, for settlement conferences and negotiations, and was again in Los Angeles on October 28 when notice was received in his office that appellee had moved for sanctions pursuant to Rule 4005*(d). He did not review the notice and related papers upon his return to the office on November 1 "due to oversight and other pressing and urgent matters." Counsel was again in Los Angeles on November 8, and failed to review the papers when he returned to his office on November 12. This failure allegedly was also "due to oversight and other pressing and urgent matters." It was not until December 11, 1976, while in his office preparing for yet another trip to Los Angeles, that counsel became aware that a default judgment had been entered against appellant on December 9 for failure to answer appellee's outstanding interrogatories.

The court below found appellee's explanation of the default to be unsatisfactory, particularly in view of the length of the delay, and, therefore, denied the petition to open.[5]

---

5. No depositions were taken, and the petition to open was apparently considered solely on the petition and answer. The court below expressed the following considerations in its decision to deny the petition to open:

 

We have reviewed the record and conclude that the facts of this case adequately support Judge GOODHEART'S finding.

██ It is true, as claimed by appellant, that relief from a default judgment may be granted where the reason for the default is merely oversight, mistake or neglect of counsel. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970); *Stephens v. Bartholomew*, 422 Pa. 311, 220 A.2d 617 (1966); *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (1976); *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 346 A.2d 566 (1975). "Errors of counsel . . . or clerical errors, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Johnson v. Yellow Cab Co.*, 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973). *But see Smith v. Tonon*, 231 Pa.Super. 539, 331 A.2d 662 (1974); *King v. Fayette Aviation*, 226 Pa.Super. 588, 323 A.2d 286 (1974).

"Mr. Gallagher [appellant's counsel] states he left [on August 5, 1976] assuming his instructions had been followed; they obviously were not, nor was any check subsequently made by Mr. Gallagher or his firm to ascertain whether they were. . . . Service of interrogatories in this case having occurred presumptively a few days after June 16, 1976, the answers were due by the second week of July. Mr. Gallagher's departure to summer training thus already took place three weeks after the answers to interrogatories were due. There is no averment of an attempt to seek an extension from intervening Plaintiff's counsel.

"Although the foregoing is an obvious instance of neglectful lawyering, if the failure by defense counsel to prevent a default judgment ended there, the Court would unquestionably find the neglect excusable and open the judgment. *See Johnson v. Yellow Cab of Philadelphia*, 226 Pa.Super. 270, 307 A.2d 423 (1973). What the Court finds particularly disturbing however, and as well unreasonable, are the explanations proffered for the subsequent failures by counsel to respond to the intervening Plaintiff's Notice of Intention to File a Praecipe for Interlocutory Order and to the Order itself. . . .

"Although the failures individually would be excusable [citations omitted], the Court finds that the pattern of failures evident in this case transcends that which is properly excusable conduct. . . ."

■ Recent case law, however, has established "that mere confusion, see, *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A.2d 620 (1970), bald allegations of inadvertence of counsel, *Goldstein v. Graduate Hosp.*, supra [441 Pa. 179, 272 A.2d 472 (1971)]; *Carrozza v. Girard Chevrolet Co.*, 200 Pa.Super. 502, 190 A.2d 577 (1963), mistake or inadvertence of counsel (without more), see, *Westinghouse Credit Corp. v. Wenzel*, 223 Pa.Super. 87, 289 A.2d 759 (1972); *Spilove v. Cross Transp., Inc.*, 223 Pa.Super. 143, 297 A.2d 155 (1972), or demands on the time of counsel, see, *Goldstein v. Graduate Hosp.*, supra; *Walters v. Harleysville Mut. Cas. Co.*, 417 Pa. 438, 207 A.2d 852 (1965); *Seltzer v. Ashton Hall Nursing & Convalescent Home*, 221 Pa.Super. 127, 289 A.2d 207, allocatur refused, 221 Pa.Super. xliii (1972), are not patently reasonable excuses and that *failure* to open based upon these explanations is not an abuse of discretion." *St. Vladimir Ukrainian Ortho. Church v. Preferred Risk Mutual Insurance Co.*, 239 Pa.Super. 492, 501–502, 362 A.2d 1052, 1058 (1976) (emphasis in original).

Moreover, in *Seltzer*, we reversed a lower court order opening judgment where, as here, the petition merely alleged counsel's other commitments as the reason for failure to answer interrogatories.

■ "Had appellant's difficulties been communicated to the appellee and a reasonable extension of time refused, the equities would clearly be favorable to the appellant." *Boyles v. Sullivan*, 230 Pa.Super. 453, 456, 326 A.2d 440, 442 (1974). However, under the circumstances of the instant case, we conclude that the failure of the lower court to open judgment cannot be considered a clear and manifest abuse of discretion. Although appellant contends to the contrary, "equitable considerations" do not persuade us to agree with him.

Also before us at this time is appellant's motion to vacate the default judgment on the basis of our recent decision in *Strickler v. United Elevator Co. (Inc.)*, 248 Pa.Super. 258, 375 A.2d 86 (1977). In *Strickler*, this Court reversed a lower court order refusing to strike a default judgment, purport-

edly entered pursuant to Rule 4005*(d), since the record there revealed that service of the *executed* interlocutory order had not been effected and, therefore, that the thirty day interlocutory period had not commenced. Appellee, however, contends that appellant cannot now seek to benefit by our *Strickler* decision because the question of appellee's compliance with Rule 4005*(d) was not presented to the lower court for consideration. We agree with appellee.

Appellant, in contending that it could not have been expected to raise the issue below, argues, in effect, that *Strickler* changed the law subsequent to the date that appellant filed its petition to open with the lower court. This argument lacks merit. It is true that no decision of this Court construing Rule 4005*(d) was given until *Strickler.* However, Rule 4005*(d) was in effect at all relevant times, and any contention that this default judgment was not entered in compliance therewith could and should have been presented to the lower court. We, therefore, will not consider appellant's argument for the first time on appeal.

Order affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.