385 A.2d 591

**Eugene WAYNE, Appellant,**

v.

**PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, American Industrial Elevator Co., Marand Distributors, Inc., Otis Elevator Company and John Doe and Atwell, Vogel and Sterling.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1977.

Decided April 13, 1978.

Joseph D. Shein, Philadelphia, with him Melvin Brookman, Philadelphia, for appellant.

Walter J. Timby, Jr., Philadelphia, for appellees, Pennsylvania Nat. Mutual Ins. Co., and Marand Dist., Inc.

Before WATKINS, President Judge and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the order of the lower court denying appellant Eugene Wayne's motion to vacate a judgment of non pros, entered pursuant to Philadelphia Civil Rule 4005*(d) because of his failure to answer interrogatories filed by appellee Pennsylvania National Mutual Insurance Company. Appellant, in seeking reversal of Judge SMITH's order, relies solely on our decision in *Strickler v. United Elevator Co. (Inc.)*, 248 Pa.Super. 258, 375 A.2d 86 (1977). In *Strickler*, we reversed a lower court order re-

fusing to strike a default judgment, purportedly entered in accordance with Rule 4005*(d), since the record there revealed that service of the *executed* interlocutory order had not been effected.

Appellant, however, cannot benefit from *Strickler* on this appeal since the question of appellee's compliance with Rule 4005*(d) was not initially presented to the lower court for consideration. As this Court only recently stated in *Tice v. Nationwide Life Insurance Co.*, 253 Pa.Super. 118, 384 A.2d 1257 (1977) (253 Pa.Super. at 126, 384 A.2d at 1261):

> "It is true that no decision of this Court construing Rule 4005*(d) was given until *Strickler.* However, Rule 4005*(d) was in effect at all relevant times, and any contention that this . . . judgment was not entered in compliance therewith could and should have been presented to the lower court. We, therefore, will not consider appellant's argument for the first time on appeal."

Order affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.