389 A.2d 126

AMERICA CORPORATION, Appellant,

v.

Frank J. CASCERCERI, trading as Cascerceri Realty, Appellee.

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided July 12, 1978.

Lewis A. Walder, Philadelphia, for appellant.

Abraham J. Levinson, Philadelphia, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court abused its discretion in opening a default judgment. We agree, vacate the order of the lower court, and order the default judgment reinstated.

On January 14, 1977, appellant, American Corporation, filed a complaint in assumpsit in the Philadelphia County Court of Common Pleas against appellee, Frank J. Cascerceri, trading as Cascerceri Realty. The complaint alleged that appellant, a realty corporation, and appellee, a real estate broker, had agreed orally to divide equally a broker's commission on the sale of a Philadelphia restaurant if appellant could procure a purchaser. Subsequently, appellant introduced two prospective purchasers, Emanuel and Louis Sarris, to appellee. When Emanuel and Louis Sarris ultimately purchased the restaurant, appellee earned a net broker's commission of $9,000. When appellee refused to pay appellant a one-half share of this commission, appellant sued. A sheriff served the complaint upon appellee on January 18, 1977.

On March 9, 1977, the Philadelphia County Court of Common Pleas prothonotary entered judgment in the amount of $4,500 against appellee for failure to file a timely answer. On April 15, 1977, appellee filed a petition to open the default judgment in which he made the following pertinent allegations. When he received the complaint, appellee immediately forwarded it to his attorney who, in turn, commenced three-cornered settlement negotiations with appellant's counsel and Emanuel Sarris' counsel. According to appellee, Sarris had orally agreed to pay all broker commissions; hence his attorney's inclusion in the negotiations. On February 16, 1977, appellee's counsel sent appellant's counsel a letter, attached as an exhibit to the petition to open, in which he inquired whether Mr. Sarris and appellant had reached a compromise and stated that if no settlement existed, he would prepare an answer for his client. On February 18, 1977, appellant's counsel responded by letter, again attached as an exhibit to the petition to open. This

letter informed appellee's counsel that a settlement had not been concluded and requested counsel to file an appropriate response to the complaint within the next ten days. Upon receipt of this letter, appellee's counsel started to prepare an answer. At this time, counsel discovered that appellant had apparently sued the wrong party; Martha, not Frank, Cascerceri was the real estate broker authorized to trade as Cascerceri Realty. Appellee's counsel attempted to telephone appellant's counsel six times within the next ten days in order to apprise him of this discovery. Each time, he was informed that appellant's counsel was busy and would call back. While appellee's counsel never received a return telephone call, he did receive a letter, dated February 23, 1977, from appellant's counsel which informed him that appellant had rejected Sarris' latest compromise offer and that appellee's counsel should file an answer within the next five days or risk the entry of a default judgment.

On April 15, 1977, the lower court entered a rule upon appellant to show cause why the default judgment should not be opened. Appellant then filed an answer to the petition to open the default judgment. While appellant admitted that tripartite settlement negotiations occurred before February 23, 1977, it denied that these negotiations constituted a reasonable excuse for failure to file a timely answer. In particular, appellant stressed that its counsel's February 18, 1977 letter denied that a settlement had been arranged and cautioned appellee to file an answer within the next ten days. On February 23, 1977, appellant's counsel sent Sarris' attorney and appellee's attorney another letter, attached as an exhibit to appellee's answer, in which he rejected Sarris' latest compromise offer, but suggested that a higher figure might still produce a settlement. In this letter, appellant's counsel once more warned appellee that failure to file an answer on or before February 28, 1977, could result in a default judgment.[1] Finally, appellant's

---

1. In its petition to open the default judgment, appellee alludes to the February 23, 1977 letter as evidence of appellant's amenability to a possible settlement. In its brief to our Court, appellee again concedes the authenticity and his receipt of the February 23, 1977 letter.

answer denied that the complaint had been filed against the wrong party and that appellee's counsel had made a series of telephone calls to appellant's counsel over the ten day period beginning after the receipt of the February 18, 1977 letter.

On May 19, 1977, the lower court, acting solely on the basis of the petition to open, the answer, and accompanying memoranda filed by both parties, opened the default judgment. The lower court reasoned that the attempts of appellee's counsel to inform appellant's counsel of the allegedly incorrect designation of appellee as a defendant constituted a reasonable excuse for failure to file an answer because informal resolution of this problem would obviate the need to file possibly unnecessary pleadings. This appeal followed.

Appellant contends that because appellee failed to allege a reasonable excuse for failure to file a timely answer, the lower court abused its discretion in opening the default judgment. In *McEvilly v. Tucci*, 239 Pa.Super. 474, 362 A.2d 259 (1976), allocatur refused, 239 Pa.Super. xxviii, our Court recapitulated the long-settled standards governing an appellate court's review of a lower court's decision to open a default judgment: "The decision to open a default judgment is within the discretion of the court below, and our Court will not reverse the lower court's decision unless there has been an abuse of discretion. *Slott v. Triad Distribs, Inc.*, 230 Pa.Super. 545, 327 A.2d 151 (1974), [allocatur refused, 230 Pa.Super. xxviii]. However, it is well-established that a default judgment entered in an assumpsit action will not be opened by the court unless the defendant has complied with each of the following requirements: the petition to open has been timely filed; the petition satisfactorily explains the defendant's failure to plead within the required time limit; [2]

2. This second requirement is stated in a somewhat misleading fashion. A petitioner must not only explain why he failed to file a responsive pleading within 20 days after service of the preceding pleading, Pa.R.Civ.P. 1026; 42 Pa.C.S. § 1026, he must also explain why he failed to file his responsive pleading before respondent obtained the default judgment. See *Tice v. Nationwide Life Ins. Co.*, 253 Pa.Super. 118, 384 A.2d 1257 (1978).

and the petition sets forth a meritorious defense.[3] *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Beam v. Carletti,* 229 Pa.Super. 168, 323 A.2d 180 (1974)." *See also Tice v. Nationwide Life Ins. Co.,* supra.

 In the instant case, only one of the above three factors is in dispute: did appellee reasonably explain its failure to file an answer prior to the entry of the default judgment on March 9, 1977? We believe that the answer to this question is no. Confronted by two written demands from appellant's counsel that appellee file an answer on or before February 28, 1977, or risk the entry of a default judgment, appellee's counsel persisted in a futile attempt to telephone appellant's counsel. When his efforts at first proved unsuccessful, counsel did not resort to the more reasonable and reliable alternative of a written communication informing opposing counsel of the allegedly improper designation of appellee as a defendant. Indeed, even if we deemed counsel's attempts at oral communication over the ten day period following receipt of the February 18, 1977 letter to be reasonable, this does not satisfactorily explain why counsel apparently ceased all efforts at communication after the expiration of this ten day period and before the entry of the March 9, 1977 default judgment. In sum, given the insistence of appellant's counsel that an answer be filed on or before February 28, 1977, we believe that counsel should have undertaken more extensive and effective efforts to communicate his problems to appellant's counsel prior to March 9, 1977. *Cf. Hofer v. Loyal Order of Moose of World,* 243 Pa.Super. 342, 365 A.2d 1254 (1976);[4] *McEvilly v. Tucci,*

3. Unlike trespass actions in which a meritorious defense is demanded only when the equities are not otherwise clear, a meritorious defense is mandatory in assumpsit actions. See *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Tice v. Nationwide Ins. Co.,* supra.

4. In *Hofer,* we reversed a lower court's order that opened a default judgment. We rejected petitioner's argument that his counsel reasonably believe that an eventual settlement could be reached and thus reasonably relied upon opposing counsel's assurance that he did not favor default judgments. We noted that prior to the entry of the default judgment, eight months had passed since opposing counsel's last assurance and four to five months had elapsed since the last

supra.[5] Because appellee did not adequately explain his failure to file an answer, we hold that the lower court erred in opening the default judgment.[6] Therefore, we vacate the

> settlement discussion. Because counsel failed to explain adequately his lack of activity during this period, we concluded that he had not reasonably explained his failure to file a timely responsive pleading.

**5.** In *McEvilly,* in affirming an order denying a petition to open, we stated that petitioner's counsel could not reasonably assume in the absence of express assurances, that counsel for the opposing party would refrain from securing a default judgment during the pendency of settlement negotiations. This is particularly so when, as here, opposing counsel explicitly admonishes his counterpart to file an answer or risk a default judgment.

**6.** We also note that the lower court acted prematurely in deciding the instant case solely upon the basis of appellee's petition to open, appellant's answer, and both parties' accompanying memoranda. Pa.R.Civ.P. 209; 42 Pa.C.S. § 209 contemplates that when a respondent effectively denies material allegations in a petition to open, the petitioner will either take depositions on disputed factual issues or order the cause for argument on petition and answer, thereby conceding the existence of all facts properly pleaded in the answer. If petitioner fails to take any action within 15 days after service of the answer, respondent can expedite the proceedings by obtaining a rule to show cause why the case should not be decided on the basis of the petition and answer and why all factual issues properly in dispute should not be resolved in respondent's favor. *See Zinck v. Smashy's Auto Salvage, Inc. & City of Philadelphia,* 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Maurice Goldstein Co. v. Margolin,* 248 Pa.Super. 162, 374 A.2d 1369 (1977); *Instapak Corp. v. S. Weisbrod Corp. & Shade Co., Inc.,* 248 Pa.Super. 176, 374 A.2d 1376 (1977).

In the case at bar, the lower court assumed the truth of factual averments in appellee's petition which appellant controverted in its answer. Specifically, the lower court assumed, despite appellant's denial, that appellee's counsel actually made repeated efforts to telephone appellant's counsel after receipt of the February 18, 1977 letter. This factual assertion underpins appellee's attempt to justify its failure to file an answer; the lower court's premature resolution of this factual issue in appellee's favor contravened Rule 209.

Ordinarily, premature resolution of factual issues involved in an action to open a default judgment requires a remand for further proceedings pursuant to Rule 209. *See Zinck v. Smashy's Auto Salvage, Inc. & City of Philadelphia,* supra; *Maurice Goldstein Co. v. Margolin,* supra; *Instapak Corp. v. S. Weisbrod Corp. & Shade Co., Inc.,* supra. However, when, as in the instant case, we can determine that a petitioner's factual allegations, even if assumed to be true, do not state a reasonable excuse for failure to file a timely answer, expedition dictates that we address the merits of the lower court's action directly. *See McEvilly v. Tucci,* supra.

order of the lower court and order the default judgment reinstated.

Order vacated and default judgment reinstated.

HESTER, J., notes dissent.