409 A.2d 886

**Angel Luis MATOS, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and City of Philadelphia.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Sept. 7, 1979.

Edward B. Feiner, Philadelphia, for appellant.

Julian C. Wessell, Assistant City Solicitor, Philadelphia, for a brief on behalf of the City of Philadelphia, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's motion to strike the default judgment entered in this case. We disagree and, accordingly, affirm the order of the court below.

On March 9, 1977, appellant filed a civil complaint against the Southeastern Pennsylvania Transportation Authority (SEPTA) and the City of Philadelphia (City). On June 1, 1977, appellant served interrogatories on both SEPTA and the City. Neither party answered the interrogatories within the requisite time period, but SEPTA asked for and obtained an extension of time in which to answer.[1] In a letter dated June 30, 1977, appellant stated his intention to file a praecipe for an interlocutory order for sanctions under Philadelphia Court Rule 4005*(d) (now Rule 145), enclosing an unexecuted copy of the proposed order. On July 12, 1977, appellant filed the praecipe with the Prothonotary who signed the order requiring the City to file answers by August 12, 1977, or be subject to sanctions. The record indicates that the City never received a copy of the *executed* order. Appellant filed a praecipe for a final order on August 29, 1977, and the Prothonotary entered a default judgment on that day. On August 31, 1977, the City answered appellant's interrogatories. Appellee then filed a petition to strike judgment on March 27, 1978. On August 29, 1978, the lower court entered an order striking the judgment.

When a party fails to answer interrogatories within the requisite period, "the Prothonotary shall, on praecipe

---

1. Because SEPTA obtained an extension of time in which to answer, this appeal concerns only defendant City of Philadelphia.

and certification and upon fifteen (15) days notice by the party filing the interrogatories enter an interlocutory order requiring the adverse party to file answers within thirty (30) days of the order." Phila. Court Rule 145.[2] Subject to certain exceptions not relevant to this case, "[t]his order shall become final at the expiration of the interlocutory period, upon the filing of a supplemental praecipe and certification of service." *Id.* Service of an *executed* interlocutory order is required to commence the 30 day period. *Strickler v. United Elevator Co.*, 248 Pa.Super. 258, 375 A.2d 86 (1977). Rule 145 places on the moving party not only the duty of notification of intent to obtain an interlocutory order but also the duty of "notification of the entry thereof so that the running of the time for compliance in order to stay the finalization thereof would be appropriately noticed and the maturity of the moving party's entitlement to final order be determinable." *Gonzalez v. Quaker Trouser Co., Inc.*, 1 Pa.D. & C.3d 200 (Phil.C.P.1977) (TAKIFF, J.).

Appellant argues in the case at bar that the City "knew or should have known that an interlocutory order had been entered against" it. (Brief for Appellant at 5). Although appellant sent the City a copy of the proposed interlocutory order, he never served the City with a copy of the executed order. Thus, appellant's actual notice argument must fail in view of the mandate of *Strickler* that an executed interlocutory order must be served on the adverse party.

Order affirmed.

2. Subsequent to the institution of this action, we affirmed the decision of Judge GAFNI of the Philadelphia Court of Common Pleas that Rule 145 is void because it conflicts with Pennsylvania Rule of Civil Procedure 4019. *Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979). We need not reach the issue of the validity of Rule 145 in this case, because appellant failed to comply with its provisions..