443 A.2d 316

**Russell M. JENKINS and Ethel V. Jenkins**

**v.**

**Gerald BLANCHFIELD, Tracy Passerotti and Frank Schwabenbauer, Supervisors of Harborcreek Township, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed March 12, 1982.

96

Eugene J. Brew, Jr., Erie, for appellants.

Howard N. Plate, Erie, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Erie County, and involves defendant-appellants' appeal from an order of the court below which denied their motion to open a default judgment entered against them by the plaintiffs.

Plaintiffs, husband and wife, owned three vacant lots in Harborcreek Township, Erie County, Pennsylvania. On May 3, 1972, the defendants, supervisors of the township, adopted a resolution reserving the plaintiffs' three lots for use in conjunction with a planned Y.M.C.A. project and denied plaintiffs' application for a building permit for the lots. On April 30, 1973, the East Erie Suburban Recreation and Conservation Authority filed a Declaration of Taking relative to plaintiffs' three lots. Eminent Domain proceedings were commenced and a Board of View ultimately awarded plaintiffs $28,000 for the lots. Plaintiffs' appealed the viewers' award to the Common Pleas Court of Erie County but subsequently settled the matter prior to the trial.

On February 24, 1976 plaintiffs filed the instant action in the Court of Common Pleas of Erie County by initiating a Complaint in Trespass against the defendants who are the township supervisors. The suit is for damages allegedly suffered by plaintiffs due to the May 3, 1972 resolution reserving plaintiffs' lots for the planned Y.M.C.A. project for the period May 3, 1972 up until the date of the Declaration of Taking in April, 1973. The complaint was served on two of the supervisors personally by the Sheriff of Erie County on February 26, 1976. The third complaint was served upon Fred McClurg, Secretary of the township, in the name of the third supervisor on the same date. No responsive pleading was filed to the complaint and on March 26, 1976 the plaintiffs' attorney filed a Praecipe for Judgment with the Prothonotary of Erie County, requesting judgment for failure to appear within twenty (20) days from the date of service of the complaint. Plaintiffs' attorney failed to serve any notice of the complaint or the entry of the default judgment on the solicitor for the township who was also the authority's solicitor. Plaintiffs' attorney also failed to provide notice of his intent to enter a default judgment to the township. Plaintiffs' attorney had represented them throughout the condemnation proceedings, which were extensive and had involved an appeal to the Commonwealth Court, and was aware of the identity of the township solicitor and of the fact that he was also the authority's solicitor.

On July 14, 1976, plaintiffs' attorney advised the township solicitor that the time had come to prepare for the trial of the case on the issue of damages. This was the first notice he had of the suit. On July 16, 1976, the township filed a Petition to Open the Default Judgment plaintiffs had taken against the defendants. After depositions were taken of the three defendants, the township secretary, and the solicitor, the court handed down an order on March 14, 1979 which dismissed the defendant's petition to open the default judgment. Defendants took this appeal.

■■■ In general for the court to exercise its discretion and open a default judgment three requirements must be shown:

(1) The petition to open the default judgment must be filed promptly;

(2) The failure to appear and file a timely answer must be reasonably explained or excused; and

(3) A defense on the merits of the case must be shown to exist.

*Schutte v. Valley Bargain Center*, 248 Pa. Superior Ct. 532, 375 A.2d 368 (1977). In trespass actions a meritorious defense to the action is not a prerequisite to the opening of a default judgment although it is an important factor to be considered if the other equities are unclear. *Schutte*, supra. The court below found that in our case the petition to open the default judgment, although filed promptly after the township solicitor became aware of the suit, was not filed promptly after the suit was begun. It also found that the defendants had not shown any reasonable excuse for not answering the suit promptly. It is clear from the plaintiffs' complaint that the suit was brought against the defendants in their capacities as supervisors of the township. Two of the supervisors were served personally by handing them copies of the Complaint. The third supervisor was served by handing a copy of the Complaint to the township secretary. The township secretary thought he sent a copy of the Complaint to the township solicitor but the solicitor never received it. The two supervisors who were served personally testified that they had assumed that the matter had been addressed. However, a review of their testimony reveals no good reasons justifying such an assumption. We agree with the court below's finding to the effect that the petitioners demonstrated no valid reason for their inaction in addressing this matter. Appellants cite several cases wherein it was held that "clerical error" or "errors of counsel" were sufficient reasons for the court to open a default judgment. See *Scott v. McEwing*, 337 Pa. 273, 10 A.2d 436 (1940); *Johnson v. Yellow Cab Co. of Pa.*, 226 Pa. Superior Ct. 270, 307 A.2d

423 (1973). However, in *Tice v. Nationwide Life Insurance Co.*, 253 Pa. Superior Ct. 118, 384 A.2d 1257 (1978), we held that a bald allegation that counsel had erred by not addressing a pleading because of "pressing demands" upon his time was not sufficient grounds for us to reverse the court below for its refusal to open a default judgment. In the above-mentioned cases we held that we would reverse a lower court's decision regarding the opening of a default judgment only for an abuse of discretion.

■ Although we agree with the lower court's analysis of the issue concerning the existence of a reasonable excuse for not addressing the Complaint in a timely manner we also note that Rule 300 of the Erie County court rules require a party to serve copies of all "papers" filed in any case, "other than the Writ or Complaint by which an action is commenced, or other original process" upon all other parties to the litigation or their attorneys of record within 48 hours after filing of same. Appellants argue that since the plaintiffs never served them with a notice of the intention to take a default judgment nor with a copy of the entry of the default judgment itself that we should hold that the judgment should be opened because the plaintiffs did not conform to the local rules of court in taking the default judgment and then failing to notify appellants of its entry. The lower court found that "notice should have been given to defendants or their solicitor of the intent to enter a default judgment even though the Rules of Civil Procedure do not require notice." The court then cited *Brooks v. Surman*, 262 Pa. Superior Ct. 369, 396 A.2d 799 (1979), a case in which this Court reversed a lower court for refusing to open a default judgment stating as follows:

> "We note in closing that once again appellees' counsel failed to give any notice to appellants of an intent to enter a default judgment. Although the Rules of Civil Procedure do not contain a notice requirement, we have repeatedly chastized counsel for failing to accord that courtesy. In *Silverman v. Polis*, 230 Pa.Super. 366, 370–71, 326 A.2d 452, 454–55 (1974), Judge Cercone wrote for a majority of this court:

'One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment. [Citations omitted.]

... [A]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof is properly made a significant factor in reaching a just decision. [Footnote omitted].'

"The fact that no notice was given, combined with the lack of any prejudice to appellee, further substantiates our decision to reverse the court below."

Despite its citing of *Brooks* the court below held that it didn't believe that "lack of notice standing alone justifies opening a default judgment." In our case, however, there is more than a mere lack of notice of an intention to open a default judgment. Here there is an apparent violation of Rule 300 of the local rules of court. Nowhere in its opinion does the court below discuss the violation of the rule by plaintiffs although the court did find that the defendants did not file their petition to open in a timely manner after the entry of the default judgment. The solicitor did, however, file the petition to open the default judgment two days after plaintiffs' counsel had advised him of its existence. Had plaintiffs' counsel abided by the local rules of court by notifying defendants' solicitor of the existence of the default judgment within 48 hours of its entry it is probable that the petition to open would have been filed promptly. Although, this would not necessarily excuse the defendants for the careless manner in which they handled the Complaints we are reluctant to reward a party who violates rules of court to the disadvantage of other parties to a proceeding. Because the court below did not discuss the issue of the plaintiffs' violation of the local rule and because this viola-

tion had a direct bearing on the timeliness of defendants' petition to open we are reversing the order of the court below refusing to open the default judgment and remanding the matter to the court below in order to give the court an opportunity to address itself to the issue regarding the plaintiffs' violation of the local rule. The court below may take additional testimony if it believes that such would be helpful in addressing this issue.

Order reversed and remanded.

PRICE, J., concurs in the result.

CAVANAUGH, J., files a dissenting statement.

CAVANAUGH, Judge, dissenting:

I would affirm the order of the lower court denying the appellant's petition to open the judgment.