## Toomey v. Walden Properties, Inc.

*Steven L. Sugarman,* for plaintiffs.
*John Alden,* for defendant Walden Properties, Inc.

REED, JR., *J.,* August 13, 1982—This case comes on the petition of defendants, Walden Properties, Inc. and Charles Stuter, individually and trading as Roslyn Janitorial Services, to open and/or strike the judgment against them entered on behalf

of plaintiffs, David C. Toomey and Virginia W. Toomey, his wife. The question of opening the judgment is the only one argued.

On October 29, 1981, plaintiffs filed a complaint in assumpsit and trespass to recover damages against defendants in connection with a leaking and defective roof on their new house. The house was purchased by plaintiffs from defendant, Walden Properties, Inc. (hereinafter Walden) and the roof was constructed by defendant, Charles Stuter, under with Walden.

On November 16, 1981, John Alden, Esq. entered his appearance on behalf of defendants and requested an extension of time within which to file an answer to plaintiff's complaint. Counsel for plaintiffs granted the request via a letter dated November 18, 1981 and further requested that defendant's counsel provide a specific time within which he would file his answer.

Plaintiffs' counsel never received a response to this letter and, on December 1, 1981, sent a second letter requesting that defendant's counsel file an answer by December 11, 1981. Mr. Alden, defendant's counsel, alleges that he never received this second letter.

Thereafter, defendant's counsel received a notice of default judgment entered against his client in the amount of $4,864 on January 5, 1982. Defendants attempted to have the judgment opened voluntarily but, failing, filed this petition to open the judgment on February 25, 1982.

A petition to open a judgment must meet three requirements:

1. Petitioner must show due diligence under the circumstances in filing the petition.

2. Petitioner must show a meritorious defense to the action.

3. Petitioner must show that his failure to file a timely answer is reasonably explained, or due to an excusable neglect. Tice v. Nationwide Insurance Company, 253 Pa. Super. 118, 384 A.2d 125 (1978).

Both parties have agreed that the first two requirements are met; the third which needs to be considered rests upon deciding whether the requirements of Pa.R.C.P. 237.1 were satisfied, or whether defendants were entitled to prior notice of plaintiffs' intent to file a default judgment.

Pa.R.C.P. 237.1 states:

"(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least 10 days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe."

The rule requires plaintiff do one of two things before a default judgment is entered. First, plaintiff is required to send notice of intention to file the praecipe for default judgment at least 10 notice days prior to the date of the filing of the praecipe. The form of notice is that generally prescribed by subsection (c) of the rule and a copy of the notice is to be attached to the praecipe.

Secondly, if a written agreement setting forth a time certain by which defendant is to act is in existence prior to the time of defendant's default, and

plaintiff is required to attach this agreement to the praecipe, no notice is then required.

Plaintiff argues that the letter of December 1, 1981 is written agreement containing a time certain but does not argue that the letter constitutes a 10-day notice of intention. The letter reads:

"Dear Mr. Alden:

In my letter of November 18, 1981 to you I asked how much time you needed and when we can expect to receive your answer? I haven't heard from you since then and in the absence of a response I will *expect to receive your Answer* by December 11, 1981.

Sincerely,
Joseph A. Ryan"
(Emphasis supplied.)

This letter, in and of itself, is neither a Rule 237.1 10-day notice nor a written agreement containing a time certain which would dispense with the required notice.

This letter does not express an intention to take a default judgment, but only that plaintiffs' counsel expects an answer to the complaint by December 11, 1981. This, in itself, does not constitute notice to defendants of the need for action; nor does it set out the consequences of a failure to answer. (See form of notice, subsection (c) of Rule 237.1.) Since no written agreement, setting forth a specific date by which time defendants were to act, existed, defendants are entitled to a notice of intention to take a default judgment.

Absent a written agreement, setting forth the last date an answer may be filed, Rule 237.1 mandates a 10-day notice. Plaintiff has not met that mandate.

We will enter an order granting the petition to open the judgment.

## ORDER

And now, this August 13, 1982, it is hereby ordered and decreed that defendants', Walden Properties, Inc. and Charles Stuter, Individually and t/a Roslyn Janitorial Services, petition to open the default judgment, taken by plaintiff against defendant, be and the same is hereby granted.

It is further ordered that defendants file an answer to plaintiffs' complaint within 20 days of the date of this order.