Catanese, Appellant, *v.* Scirica.

Argued January 22, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Bernard V. DiGiacomo,* for appellant.

*Frederic M. Wentz,* with him *Joseph J. McGrory, Anthony J. Scirica,* and *Scirica and McGrory,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 20, 1970:

This is an appeal from an order of the Court of Common Pleas of Montgomery County sustaining appellee's preliminary objections in the nature of a demurrer to appellant's complaint and dismissing that complaint.

William Catanese, appellant, filed the original complaint in this action on August 2, 1968 against Anthony Taormina and A. Benjamin Scirica, appellee, claiming damages for malicious abuse of process. On August 26, 1968 Scirica filed preliminary objections, and on October 1, 1968 Taormina did likewise. After argument before the court en banc, the following orders were entered: "And Now, this 11th day of December, 1968, after argument before the Court en banc consisting of ROBERT W. HONEYMAN, J., FREDERICK B. SMILLIE, J., and WILLIAM W. VOGEL, J., the Preliminary Objections in the Nature of a Demurrer are sustained, and the complaint of the plaintiff against A. Benjamin Scirica is dismissed." "And Now, this 11th day of December, 1968, after argument before the Court en banc consisting of ROBERT W. HONEYMAN, J., FREDERICK B. SMILLIE, J., and WILLIAM W. VOGEL, J., the Preliminary Objections filed by defendant Anthony Taormina are sustained unless the plaintiff shall, within twenty (20) days from the date of this order, file a more specific complaint." On December 31, 1968 appellant filed an amended complaint against both Taormina and Scirica. On January 21, 1969 both filed preliminary objections to the amended complaint, and on June 16, 1969, after argument before the court en banc, an order was entered overruling the preliminary objections of Taormina and sustaining those in the nature of a demurrer of Scirica and dismissing the amended complaint as to him. It is from the order dismissing the amended complaint as to Scirica that appellant appeals.

It is apparent that this appeal must be dismissed. When the lower court on December 11, 1968 sustained

appellee's preliminary objections in the nature of a demurrer and dismissed the complaint, that was an appealable final order and appellant should have appealed that order to this Court during the prescribed period. *Love, Administrator v. Temple University,* 422 Pa. 30, 220 A. 2d 838 (1966); *Cherry v. Empire Mutual Insurance Company,* 417 Pa. 7, 208 A. 2d 470 (1965); *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854 (1954). Although we have stated, *Sullivan v. Philadelphia,* supra at 650, *Adler, Admr., v. Helsel,* 344 Pa. 386, 25 A. 2d 714 (1942); *Lacy v. East Broad Top Railroad and Coal Co.,* 168 Pa. Superior Ct. 351, 77 A. 2d 706 (1951): " 'In determining whether or not [a summary] judgment should be or should have been entered [on a demurrer], two rules must always be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff; and (2) Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it.' " The question whether the court below acted properly in dismissing the complaint rather than permitting amendment (as it did with respect to Taormina) is not before us now. When the period during which an appeal could have been filed expired, the doctrine of *res judicata* became applicable to the cause of action the complaint attempted to state.

That is the first flaw with respect to the amended complaint. Both the original and amended complaints consist of twelve paragraphs. Nine paragraphs of the amended complaint are identical to the correspondingly numbered paragraphs in the original complaint. Of the paragraphs that differ, the only amendment was the addition of documents of record as exhibits which

show that five praecipes for writs of execution were filed over a period of 27 months and that on each of these occasions property of appellant was found and levied upon. It is obvious that the amended complaint only attempted to restate the cause of action that had been rendered *res judicata* by appellant's failure to appeal from the dismissal of his original complaint.[1] As the United States Supreme Court stated in *Hurn v. Oursler*, 289 U.S. 238, 246 (1933), quoting from *Baltimore Steamship Company v. Phillips*, 274 U.S. 316, 321 (1927) : " 'A cause of action does not consist of facts . . . but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. . . . The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear.' " As the new material in the amended complaint consisted only of facts, no new cause of action was stated, and appellant is barred by the doctrine of *res judicata*.

The second flaw with respect to the amended complaint is appellant's failure to follow Pa. R.C.P. 1033 which states "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." This rule sets forth clearly the procedure to be followed. "The plaintiff's right to amend is absolute only in the case where he files his amendment within ten days after being served with

---

[1] At oral argument appellant indicated that he had filed another complaint to a new number and term of court. That complaint is not part of the record in this action, and we need not decide at this time whether it states a new cause of action or is likewise barred by the doctrine of *res judicata*.

preliminary objections to the complaint. All other amendments are made under Rule 1033 and cannot be made without leave of court or the consent of the adverse party." 3 Standard Pennsylvania Practice, Ch. 12, §48 at 732. "Except for amendments to conform the complaint to the proof offered at the trial, and the special right to amend 'as of course' to meet a preliminary objection, any amendments of the form or content of the complaint may be made only with the consent of the defendant or by leave of court." Goodrich-Amram, §1033-4 at 229. Appellant received neither the consent of the court nor that of appellee prior to filing the amended complaint to the same number and term of court to which he had filed the original complaint. The court did give appellant permission to file an amended complaint with respect to Taormina but expressly did not give permission with respect to appellee. The amended complaint as to appellee is therefore a nullity.

Appeal dismissed.