## Conley v. Conley

*Gilbert S. Merritt, Jr.*, for plaintiff.
*Arnold Schulberg*, for defendant.

WETTICK, *J.*, April 16, 1981—Plaintiff commenced this divorce action on October 9, 1979 under The Divorce Law of May 2, 1929, P.L. 1237, 23 P.S. § 1 et seq. Defendant filed an answer and new matter thereby causing the action to become contested. During the spring of 1980, defendant advised plaintiff that she would allow the divorce action to proceed uncontested. Consequently,

plaintiff scheduled this proceeding for a hearing as an uncontested divorce on July 22, 1980.

Without leave of court or consent of plaintiff, on July 15, 1980 defendant filed a counterclaim for alimony, equitable distribution of property and counsel fees. Upon receipt of a copy of this counterclaim, plaintiff cancelled the hearing set for July 22, 1980. Subsequently, plaintiff rescheduled the proceeding for a hearing as an uncontested divorce on October 3, 1980. On this date, defendant's counsel appeared and withdrew the contest to the action, and on October 29, 1980 the court entered a final decree of divorce.[1]

Presently before the court is plaintiff's motion to dismiss defendant's counterclaim on the ground that the entry of the divorce decree barred the claims raised in the counterclaim and defendant's petition to allow a counterclaim for alimony, equitable distribution of property and counsel fees under the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq.

In support of his motion to dismiss defendant's counterclaim, plaintiff relies on Pa.R.C.P. 1920.31(c) which reads as follows: "The failure to claim alimony, alimony pendente lite or counsel fees and expenses prior to the entry of a final decree of divorce or annulment shall be deemed a waiver thereof unless the court expressly provides otherwise in its decree . . ." and also section 401(j) of the 1980 Divorce Code which reads as follows:

"Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those

---

1. The decree provided that "the Court hereby retains jurisdiction of any claims raised by the parties to this action for which a final order has not yet been entered."

which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b) . . ."

In this case the divorce decree expressly preserved any pending property claims. Thus if any claims for alimony, equitable distribution of property and counsel fees were pending prior to the entry of the divorce decree, they are preserved and not cut off by the decree. See Casey v. Casey, 129 Pitts. L.J. 42 (1980) (Strassburger, J.), which held that courts may bifurcate a divorce action by granting the decree of divorce before disposing of the property claims. On the other hand, if defendant's claims for alimony, equitable distribution and counsel fees were not raised prior to the entry of the decree, her rights to alimony, equitable distribution of property and counsel fees were terminated by the decree under section 401(j) of the Divorce Code of 1980, and Pa.R.C.P. 1920.31(c).

There is an issue as to whether there were pending claims for alimony, equitable distribution and counsel fees at the time the divorce decree was entered because defendant filed a counterclaim raising these claims without court authorization. Plaintiff contends that such authorization is required by section 103 of the Divorce Code of 1980 which reads as follows:

"The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior or subsequent to enactment of this act. *The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted,*

*notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act.* The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act. This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto." (Emphasis supplied.)

This provision, according to plaintiff, permitted defendant to seek the property benefits provided by the Divorce Code of 1980 only on application granted. And because she filed her counterclaim without court authorization, defendant contends that the counterclaim is a nullity.

Defendant, on the other hand, contends that the application requirement of section 103 applies only to the modification of the grounds for divorce and that any party has an absolute right to raise claims relating to the property provisions of the Divorce Code of 1980 without court authorization. This contention is supported by the Editor's Comments to the Divorce Code of 1980 appearing in Volume I, No. 4 of the Pennsylvania Family Lawyer (Pennsylvania Bar Association—Special Issue, June 1980), at pp. 34-35:

"As to the economic provisions to Act 26-1980, no application to the court is necessary under the terms of Section 103, unless a decree has been entered: The Act as to property is presently applicable. This conclusion is the only possible explanation of the words 'this Act shall not apply to any case in which a decree has been rendered prior to the effective date of the Act,' and the words 'the provisions of this Act shall apply to all cases, whether the cause [of action] for divorce or annulment arose prior or subsequent to the enactment of this Act.' It

is, therefore, obvious that, with respect to the economic provisions, it does not matter when the divorce action was commenced; so long as it has not come to final decree, the property and equitable distribution sections apply to all divorces whether brought before or after July 1, 1980. Section 103's requirement of application to the court to apply the new Act to pending actions as stated above applies only to the grounds for divorce, not to the property distribution or alimony provisions which are presently applicable under Section 103."

We reject this construction of section 103. Section 103 addresses two issues: whether the Divorce Code of 1980 should apply to new proceedings raising causes of action arising prior to its enactment and whether this code shall govern actions that are pending on the effective date of this act. The statement upon which plaintiff relies that "the provisions of this Act shall apply to all cases, whether the cause [of action] for divorce or annulment arose prior or subsequent to enactment of this Act" addresses the first issue and is not intended to speak to the issue of whether the Divorce Code of 1980 shall govern pending actions. This second issue is governed by the provision stating that any pending action shall be concluded under the prior law unless, upon application granted, it is brought within the provisions of the 1980 code. Nothing in the language of this provision differentiates between grounds for divorce and property claims. Consequently, there is no basis for contending that the legislature adopted different requirements for the application of the 1980 code to pending actions, depending upon whether the claim involves the grounds for divorce or the economic provisions of the code.

The construction of section 103 in this fashion is

mandated by the settled principles of construction that the specific provisions of a statute shall control over its general provisions and that if two provisions are in apparent conflict, they shall be construed so that effect may be given to both: Heck v. Zoning Hearing Board for Harveys Lake Borough, 39 Pa. Commonwealth Ct. 570, 397 A. 2d 15 (1979); Paxon Maymar, Inc. v. Pa. Liquor Control Board, 11 Pa. Commonwealth Ct. 136, 312 A. 2d 115 (1973); 1 Pa.C.S.A. § 1933. Only by subordinating the provision stating that "this act shall apply to all cases" to the provisions stating that a pending action shall proceed under the laws in existence when the action was instituted or, upon application granted, under the provisions of the 1980 code and that the 1980 code shall not apply to any case in which a decree has been rendered prior to the effective date of this code do we permit the specific to control over the general and give effect to all provisions.

Although we hold that a party may pursue claims for alimony and equitable distribution of property in a divorce proceeding commenced prior to the enactment of the 1980 Divorce Code only with court approval, we do not construe section 103 to bar judicial consideration of claims for such benefits filed (without court authorization) and served on the opposing party prior to the entry of the divorce decree. In construing the 1980 code, we are to consider the code's objectives set forth in section 102(a). These objectives include the mitigation of harm to the spouses and their chldren caused by the legal dissolution of the marriage and the effectuation of economic justice between parties who are divorced in order to insure a fair and just determination and settlement of their property rights. In light of these policy declarations, this court in Conrad v. Conrad, 129 Pitts.L.J. 46 (1980) (Standish, J.),

ruled that courts should liberally permit a party to assert alimony and equitable distribution of property claims in actions filed prior to the enactment of the Divorce Code of 1980. To construe the 1980 code to give no force and effect to claims for such benefits because of a party's failure to obtain court approval would be contrary to these policies. The effect would be to deprive a party of substantial rights which the legislature has provided divorced spouses for reasons of form rather than substance. Consequently, while a divorce decree cuts off any property claims which are not pending, we conclude that any claim which has been filed and served is pending until a court determines whether an application to proceed under the 1980 code shall be granted or denied.

In reaching this decision, we are aware of an apparent contrary construction of section 103 in Kaskie v. Kaskie, 61 Wash. Co. 67 (1980). In this case prior to the enactment of the 1980 Divorce Code, plaintiff filed a divorce action against his wife. She contested the action. Subsequently, plaintiff moved to North Carolina where he instituted a second action in divorce against his wife. While this North Carolina action was pending, his wife filed a counterclaim to plaintiff's Pennsylvania divorce action, requesting alimony and equitable distribution pursuant to the Divorce Code of 1980. Thereafter, the North Carolina court granted plaintiff a decree of divorce. Plaintiff then instituted a petition action in Washington County to divide jointly titled marital property. Defendant sought to strike the partition complaint on the ground that property should be divided pursuant to the 1980 Divorce Code; plaintiff, in turn, filed preliminary objections to strike defendant's counterclaim for alimony and equitable distribution of property on the ground that she had never applied

to the court to proceed under the 1980 Divorce Code. The court struck the counterclaim because it was filed without court authorization and consequently permitted the partition action to proceed.

We do not follow this decision because it is contrary to purposes of the Divorce Code of 1980 for substantial rights to turn on whether the party filing the counterclaim obtained court approval to proceed under the 1980 code prior to the entry of a divorce decree.[2] So long as the opposing party has been served with a copy of the claim, this party may at any time seek the protections of section 103 by moving to strike the counterclaim. Consequently, to give no recognition to a counterclaim filed prior to the entry of a divorce decree gives to the opposing party a windfall that has no relationship to the goals and objectives of the 1980 code.

For these reasons, we enter the following

## ORDER

On this April 16, 1981, it is hereby ordered that plaintiff's motion to dismiss the proceedings under the Pennsylvania Divorce Code of 1980 is hereby denied and that defendant's petition to allow her counterclaim under the Divorce Code of 1980 is hereby granted.

---

2. Because the issue in this case is whether defendant's counterclaim was pending at the time the divorce decree was entered within the meaning of the Divorce Code of 1980 and the accompanying procedural rules, the case law which considers the effect of an amended pleading filed without the permission of the court or the opposing party contrary to the requirements of Pa.R.C.P. 1033 (compare Catanese v. Scirica, 437 Pa. 519, 263 A. 2d 372 (1970), with Advance Building Services Company v. F & M Schaefer Brewing Company, 252 Pa. Superior Ct. 579, 384 A. 2d 931, fn. 1 (1978)), is not controlling.