## Cramer v. Inter-County Hospitalization Plan Inc.

*William E. Haggerty,* for plaintiffs.
*Matthew J. Creme Jr.,* for defendants.

GEORGELIS, *J.,* December 4, 1986—Before the court is plaintiffs' petition to amend complaint, which was first presented on October 7, 1986, at a pre-trial conference. The proposed second amended complaint and briefs have been filed, and the petition is, therefore, ready for disposition.

Plaintiffs' suit involves a medical care insurance contract, issued by defendants on or about April 1, 1983. Later that year, Mrs. Cramer was hospitalized, and an application was made for coverage under the insurance agreement. Benefits were denied due to an alleged pre-existing condition, and this denial was conveyed to plaintiffs by way of a June 7, 1984, letter. Suit was commenced on November 16, 1984, by the filing of the complaint. After preliminary objections were filed and decided, the amended complaint was filed on May 22, 1985. It contains

two counts and alleges breach of the insurance contract and negligence for failing to pay Mrs. Cramer's medical expenses.

Plaintiffs' proposed second amended complaint seeks to add a third count, alleging violations of the Unfair Insurance Practices Act, 40 P.S. §1171.1 et seq., and of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. They contend, in their petition, that a recent Pennsylvania Superior Court decision, *Pekular v. Eich and State Farm*, 355 Pa. Super. ·276, 513 A.2d 427 (1986), held that a private action for common law fraud is allowed under the UIPA and that the remedies of the UIPA are not exclusive, allowing a private cause of action under the UTP&CPL. For the reasons stated below, the petition to amend complaint is denied.

Amendments to pleadings are permitted by Pa.R.C.P. 1033 and, generally, have been liberally granted by Pennsylvania courts. However, a complaint will not be allowed to be amended where the effect of the amendment would be to assert a new cause of action after the statute of limitations has expired. *Shenandoah Borough v. Philadelphia,* 367 Pa. 180, 79 A.2d 433 (1951); Goodrich-Amram 2d §1033.4.1.

In *Catanese v. Scirica,* 437 Pa. 519, 522, 263 A.2d 372 (1970), our Supreme Court, quoting from *Baltimore Steamship Company v. Phillips,* 274 U.S. 316, 321 (1927); addressed the new cause of action enigma and stated:

"A cause of action does not consist of facts . . . but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered

severally or in combination, is the violation of but one right by a single legal wrong."

Here, the proposed third count alleges that defendants "misrepresented the benefits, advantages, conditions and terms of the proposed group health insurance policy," a cause of action clearly different from the contract and negligence causes of action, alleged in the amended complaint. It identifies a cause of action for fraud and misrepresentation, and plaintiffs' reliance on the UTP&CPL further identifies it as such. "Although the Consumer Protection Law did articulate the evils desired to be remedied, the statute's underlying foundation is fraud prevention." *Commonwealth v. Monumental Prop. Inc.*, 459 Pa. 450, 459, 329 A.2d 812 (1974). *Pekular*, supra, on which the plaintiffs rely to allow the inclusion of their third count, further supports this identification, since it held, inter alia, that the UIPA does not bar a private action for common law fraud.

No specific statute of limitations is provided in the UTP&CPL, but, as cited earlier, the statute is intended to prevent fraud, *Commonwealth v. Monumental,* supra, and, therefore, the appropriate statute of limitations is the one for fraud generally, 42 Pa.C.S. §5524, pursuant to which the limitations period is two years. *Fickinger v. C.I. Planning Corp.,* 556 F. Supp. 434 (E.D., Pa. 1982). This period begins to run once the fraud is discovered, *Rothman v. Fillette,* 503 Pa. 259, 469 A.2d 543 (1983), and, instantly, that discovery occurred no later than June 7, 1984, when plaintiffs were sent written denial of coverage of Mrs. Cramer's medical bills. Consequently, the two-year period lapsed on June 7, 1986, four months before the petition to amend complaint was presented to the court.

In summary, we conclude that: (a) plaintiffs' proposed third count alleges a new cause of action,

fraud; (b) the applicable statute of limitations for fraud is two years; (c) the two year period lapsed before the presentation of plaintiffs' petition; and (d) Pennsylvania law does not permit the amendment to a complaint to assert a new cause of action, for which the statute of limitations has expired. Accordingly, we enter the following

## ORDER

And now, December 4, 1986, for all of the reasons stated in the foregoing memorandum of opinion, plaintiffs' petition to amend complaint is denied. A pre-trial conference is scheduled for Tuesday, January 20, 1987, at 10:00 a.m. in Chambers No. 5 of the Lancaster County Courthouse. For purpose of that conference, all provisions of the court's August 20, 1986, order remain in effect.