**Alexander VETENSHTEIN, by his guardian, Liza Vetenshtein and Liza Vetenshtein, in her own right and Alexander Vetenshtein, in his own right, Petitioners,**

**v.**

**CITY OF PHILADELPHIA and Officer Aleksander Shwarz, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1999.
Decided June 8, 2000.

---

Kenneth C. Russell, Huntingdon Valley, for petitioners.

Marcia Berman, Philadelphia, for respondents.

Before DOYLE, President Judge, and FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Alexander Vetenshtein, by his guardian Liza Vetenshtein, and Liza, in her own right and Alexander, in his own right, (collectively, Appellants) appeal by permission from an interlocutory order certified by the Court of Common Pleas of Philadelphia County (trial court) as presenting a controlling question of law. 42 Pa. C.S.

§ 402(b); Pa. R.A.P. 1311 (b).[1] The trial court's order prevented the Appellants from presenting any evidence against the City of Philadelphia (Philadelphia or City). We affirm.

Officer Shwarz was a Philadelphia police officer on April 27, 1992 when he shot Alexander Vetenshtein in the home of Alexander's mother, Liza. Apparently, Officer Shwarz was a cousin of Alexander and there was a family argument.

On May 17, 1994, Appellants' counsel (Counsel) filed a complaint (the original complaint) in the trial court. The original complaint explicitly asserted that Philadelphia had violated Alexander's federal constitutional rights and explicitly referenced 42 U.S.C. §§ 1981–1988. (Reproduced Record (R.R.) at p. 34)(hereinafter, "the federal claims" which the Appellants refer to as the "Constitutional Tort Claims"). In addition, the original complaint also contained state common law tort claims. The original complaint also named Officer Shwarz as a defendant.

On June 1, 1994, Counsel attempted to file an amended complaint (first amended complaint). In that first amended complaint, Appellants alleged the same state common law claims as in the original complaint but regarding the federal claims, Appellants specifically noted 42 U.S.C. § 1983 as the basis for their federal claims.[2] R.R. at p. 50. Appellants' Counsel became aware of Philadelphia's intention to remove the suit to federal district court before thirty days had expired after Counsel's filing of the original complaint.[3] Counsel contacted Philadelphia's attorney by phone and agreed not to pursue any federal claims against Philadelphia. Counsel memorialized the telephone conversation in a letter dated June 17, 1994 to Philadelphia's assistant city solicitor:

> [t]his letter will confirm a telephone conference held between us yesterday afternoon at 5:20 in which this writer confirmed that we do not intend to pursue any Federal claims in the State Court action, and will proceed with the matter on the State Court claims consistent with the contents of the Second Amended Complaint, which is enclosed herewith.
>
> The purpose of this letter is to confirm that this deletion of Federal claims is appropriate at this time and prior to your need to expend monies necessary for removal.

R.R. at 151. In conformity with the conversation and this letter, and not yet having received notice of the Prothonotary's rejection of the first amended complaint, Counsel mailed the second amended complaint to the Prothonotary of Philadelphia without leave of court or the filed consent of Philadelphia. The second amended complaint, however, deleted any specific reference to 42 U.S.C. § 1983 or to 42 U.S.C. §§ 1981–1988, thereby deleting from that amended complaint the explicit federal claims formerly made. *See* R.R. at

---

1. Although as currently captioned, it appears that Alexander Vetenshtein is a party to this appeal, Appellants' brief indicates that he has died. Appellants' brief at p. 8. Neither the parties nor the trial court discuss any issue regarding substituting his estate.

2. The first amended complaint was rejected for filing by the Prothonotary because Appellants' Counsel did not obtain either consent of opposing counsel or leave of court in accordance with Pennsylvania Rule of Civil Procedure (Pa. R.C.P.) No. 1033 which provides in relevant part

> [a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading.

3. *See* 28 U.S.C. § 1446(b) which provides in relevant part that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

pp. 57–73. (*Compare* ¶ 17 of the first amended complaint, R.R. at p. 49, *with* ¶ 17 of the second amended complaint, R.R. at p. 68). Inexplicably, on June 6, 1994, the Prothonotary accepted and filed the second amended complaint, which did not contain the federal claims.

On January 19, 1995, Philadelphia moved for summary judgment, claiming that Appellants' claims against Philadelphia, essentially state tort claims, are barred by immunity provided by the commonly called Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–8542.

On March 3, 1995, Counsel sent a letter to Philadelphia's attorney which stated "[p]lease know that based on our research and following upon our thorough review of the City's discovery, it is our intention to pursue all applicable federal claims and remedies in the pending state court action." R.R. at 152. In response, Philadelphia attempted to remove the case to federal court, but the federal court refused to permit removal because Philadelphia's request came more than 30 days after the filing of Appellants' original complaint. Before the federal district court denied Philadelphia's removal petition, Philadelphia filed its answer in the federal district court to Appellants' second amended complaint. Sometime after the federal district court remanded the case to the trial court, Philadelphia filed an answer with new matter in the trial court to Appellants' second amended complaint.[4] In new matter Philadelphia asserted, among other things, the statute of limitations defense. In that new matter, Philadelphia averred that Appellants' federal claims were barred by the statute of limitations. R.R. at p. 184.

On April 24, 1995, Appellants' Counsel filed a reply to the affirmative defenses which Philadelphia asserted in its new matter. One week prior to trial, Philadelphia presented a motion in limine to preclude any evidence against Philadelphia. The state law claims were asserted to be barred by Philadelphia's immunity. The federal claims were asserted to be barred by the statute of limitations, because Counsel withdrew the federal claims on June 17, 1994 via Counsel's letter to Philadelphia and could not revive those claims on March 3, 1995 which date was more than two years since the accrual of the cause of action on April 27, 1992. The trial court granted Philadelphia's motion. The trial court certified the order as being one of controlling law and this court permitted the appeal.

The issue certified for appeal is "Did the [trial] Court err, as a matter of law, to have concluded that a letter of counsel effected a discontinuance of Section 1983 claims [the federal claims], and that a subsequent letter of counsel attempted to effect a reinstatement of Section 1983 claims beyond the limitations period?" Trial court's amended order, dated October 28, 1998 at unnumbered pp. 29–30 of Appellants' brief.

---

4. Appellants now contend in their brief to this court that Philadelphia never filed an answer in the trial court. *See* Appellants' Brief at p. 23 n. 4. wherein they contend "[b]y not filing any Answer to the Complaint(s), the City is now barred from asserting the affirmative defense of the statute of limitations[.]" We note however, that Appellants have previously admitted in a pleading that Philadelphia did file an answer in the trial court. *See* Appellants' "Answer to the City of Philadelphia's Motion in Limine to Preclude Evidence Against the City of Philadelphia" at ¶ 17, Supplemental R.R. at 58b. *See also* "Defendant, City of Philadelphia's Motion in Limine to Preclude Evidence Against Defendant, City of Philadelphia" at ¶ 17, R.R. at 144. In addition, the docket entries reveal that on July 22, 1994, Appellants filed a reply to Philadelphia's New Matter. See R.R. at 5. See also the Certified Record which contains "Plaintiff's Reply to Defendant, City of Philadelphia's New Matter" which replies in corresponding numbered paragraphs to Philadelphia's Answer with New Matter to the Second Amended Complaint found in the R.R. at 183–185. While it is true that it appears that the Prothonotary failed to record on the docket the filing of Philadelphia's answer, there is enough other evidence of record to reject Appellants' belated and erroneous contention that Philadelphia did not file an answer which apparently was never an issue raised by Appellants in the trial court.

■ The first argument which Appellants make is that since March of 1995, Philadelphia has prepared its case as if the federal claims were part of this suit and therefore, Philadelphia suffers no prejudice from reinstating the federal claims. In response, Philadelphia notes that it was only prudent for it to prepare to meet the federal claims because it could not be absolutely certain given the vagaries of the law, that the trial court would rule that the federal claims were time barred.

Appellants' argument regarding prejudice to Philadelphia is a red herring. Prejudice is simply not part of the analysis to determine whether a claim is time barred by the statute of limitations or not. Either the time limitation has run or it has not run. If it has run, a suit cannot be initiated even if there is no prejudice demonstrated. *See, e.g., Wilkes–Barre General Hospital v. Lesho,* 62 Pa.Cmwlth. 222, 435 A.2d 1340, 1343 (1981)("prejudice is not a consideration in most cases where the bar of the statute of limitations may apply . . . .").

The next argument which Appellants make is that letters from counsel are ineffective to withdraw claims and that only pleadings may have the effect of withdrawing claims. Appellants argue that the Pennsylvania Rules of Civil Procedure set forth the exclusive methods by which a complaint can be amended to add or delete claims and/or to discontinue an action. Amending a complaint requires leave of court or the filed consent of the opposing party. Pa. R.C.P. No. 1033. Here neither the first nor second amended complaint complied with the Pennsylvania Rules of Civil Procedure and therefore, according to Appellants, should be considered a nullity which leaves only the original complaint as the operative complaint. That complaint contained the federal claims. As that complaint was filed within the applicable statute of limitations period for the federal claims, Appellants maintain that the federal claims are not barred by the statute of limitations. According to Appellants, the June 17, 1994 letter of Counsel agreeing not to proceed with the federal claims in state court should likewise be given no effect as the letter has no legal status since it does not comply with the Pennsylvania Rules of Civil Procedure which require the filing of an amended complaint in order to delete a claim. As the letter was not filed with the trial court, that letter cannot have any effect on the pleadings.

■ We agree in part with Appellants. It is true that letters which are not filed with the trial court cannot affect the pleadings. The Pennsylvania Rules of Civil Procedure set forth the exclusive method by which pleadings can be amended. If we were to permit letters of counsel which were not filed of record as pleadings with the trial court to have the same effect as pleadings operating outside the procedures contemplated by the Pennsylvania Rules of Civil Procedure, we fear that much unrecorded chaos could ensue contrary to the express intent of the Supreme Court of Pennsylvania which adopts and promulgates those rules. Thus, Counsel's unfiled letter of June 17, 1994 cannot have amended the pleadings so as to have withdrawn the federal claims. Nor could Counsel's unfiled letter of March 3, 1995 have effected a resurrection of the federal claims. Neither letter, which constituted in effect attempts to amend the pleadings, was filed with the trial court, and thus, because the letters were not in compliance with the Rules of Civil Procedure, they were ineffective to amend the pleadings.

We must, therefore, answer the question certified to us by the trial court in the affirmative and the negative. The trial court did err as a matter of law in concluding that Counsel's June 17, 1994 letter effected a discontinuance of the federal claims but it did not err in concluding that the March 3, 1995 letter of counsel did attempt to effect a reinstatement of the federal claims beyond the limitations period. However, this does not necessarily end our inquiry. Though we have an-

swered the question certified to us, there is yet the matter of whether the trial court's order granting Philadelphia's motion in limine, precluding Appellants from presenting any evidence against Philadelphia on the federal claims, should be reversed simply because the trial court erroneously reasoned that Counsel's June 17, 1994 letter effected an amendment of the pleadings.[5]

Although Counsel's June 17, 1994 letter could not affect the pleadings so as to delete the federal claims, the second amended complaint which did delete the federal claims was accepted and was filed by the Prothonotary. Although the second amended complaint did not strictly conform to Pa. R.C.P. No. 1033, it was filed of record with the trial court and did constitute a pleading, albeit not in strict compliance with the rules. However, neither obtaining leave of court or obtaining the filed consent of the defendant involves a matter of jurisdiction and can be waived by failure of opposing counsel to file preliminary objections for failure of the amended complaint to conform to the rules of court.[6] *See, e.g. Advance Building Services Co. v. F & M Schaefer Brewing Co.,* 252 Pa.Super. 579, 384 A.2d 931, 932, n. 1 (1977)(defect of failing to obtain court's consent or filed consent of opposing party to amended complaint was waived by defendant's failure to object to defect and the

amended complaint was permitted to be effective). Such a waiver occurred in this case. After Appellants filed the second amended complaint, Philadelphia did not object to the Appellants' failure to obtain the trial court's express consent or to Appellants' failure to file Philadelphia's written consent to the amendment. Because Philadelphia never filed objections to the second amended complaint, it became the operative complaint. Hence, it was not Counsel's June 17, 1994 letter which effected an amendment of the pleadings, contrary to the trial court's reasoning, but it was the docketing of the second amended complaint by the Prothonotary and Philadelphia's failure to file preliminary objections to the filing of the second amended complaint that effected an amendment of the pleadings in this case by waiving the protection afforded Philadelphia in Pa. R.C.P. No. 1033. *See, e.g., Skelton v. Lower Merion Township,* 318 Pa. 356, 178 A. 387 (1935)(when an amendment occurs, it virtually withdraws the originally filed pleading); 5 *Standard Pa. Practice 2d,* 34:89 ("when an amended complaint is filed it withdraws the original complaint and takes the place of the original pleading...."). Since the second amended complaint was the effective complaint and it did not contain any allegations of a federal claim, the trial court did not err in precluding evidence of the federal claims.[7]

---

5. The trial court's order precluded Appellants from presenting any evidence against Philadelphia. It appears that the state law tort claims were abandoned by Appellants based upon the immunity afforded to Philadelphia under the commonly called Political Subdivision Tort Claims Act. *See* Supplemental R.R. at pp. 32b–46b and 93b–94b. Thus, the only remaining issue before the trial court was whether Appellants should be precluded from presenting evidence against Philadelphia on the federal claims. Before this court, the only issue, which Appellants argue, is the propriety of the trial court's order as it related to the federal claims.

6. **Rule 1028. PRELIMINARY OBJECTIONS**

(a) Preliminary Objections may be filed by any party to any pleading and are limited to the following grounds:
....
(2) failure of a pleading to conform to law or rule of court....

7. Appellants also argue that notwithstanding the deletion of any explicit reference in the second amended complaint to 42 U.S.C. § 1893 or §§ 1981–1988, they have sufficiently pleaded a federal claim for a civil rights violation in the second amended complaint. We disagree. Upon review of the whole record, we cannot conclude that the trial court erred in determining that the second amended complaint did not include any federal claim.

We likewise reject Appellants' contention that because Philadelphia did not preliminari-

Notwithstanding the foregoing Appellants argue that because the second amended complaint did not conform to Pa. R.C.P. No. 1033 in that it was not filed with the consent of the court nor the filed consent of Philadelphia it was a nullity and the original complaint was the effective complaint. In support of their contention, Appellants cite to *Catanese v. Taormina*, 437 Pa. 519, 263 A.2d 372 (1970). We disagree however, that *Catanese* requires a finding that the second amended complaint was a nullity.

In *Catanese*, the trial court, after granting the preliminary objections of the two defendants, dismissed the complaint against them. However the trial court gave permission to the plaintiff to amend his complaint against one of the two defendants but not against the other defendant. Nevertheless, the plaintiff filed an amended complaint against both defendants. After the amended complaint was filed, the two defendants again filed preliminary objections which the trial court granted in favor of the defendant against whom the plaintiff had not received permission to amend the complaint, but denied the objections as to the other defendant. The plaintiff appealed the trial court's order dismissing the complaint against the defendant from whom plaintiff had not received permission from the court to file an amended complaint. The Supreme Court affirmed the trial court's actions on the grounds that when the plaintiff failed to appeal the dismissal of the complaint against one of the defendants without permission for leave to amend, the doctrine of *res judicata* prevented plaintiff from filing an amended complaint containing the same cause of action against that defendant. The Supreme Court went on to hold that

[t]he second flaw with respect to the amended complaint is appellant's failure to follow Pa. R.C.P. 1033, ....

ly object to the lack of specificity of pleading a federal claim in the second amended complaint, Philadelphia waived the lack of specificity. Given the facts of this case, it is unreasonable to have expected Philadelphia to have objected to the failure of the second amended complaint to more specifically plead a federal claim when it was the understanding of all that the second amended complaint did not include any federal claim which could provide a basis for removal of the case to federal court. *See, e.g.*, the notes of testimony wherein Counsel stated to the trial court that "[y]our honor, the purpose of the second amended complaint was to – my object was to maintain state court jurisdiction...." Supplemental R.R. at pp. 99b–100b.

Likewise, we reject Appellants' contention that merely because they included in the second amended complaint an averment that Philadelphia was "otherwise negligent under the law", the federal claims were thereby included within the second amended complaint pursuant to *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983) or that they should be permitted to amend the second amended complaint to include the federal claims. In *Connor*, the Supreme Court held that a complaint sounding in negligence concerning the perforation of the colon during a barium enema cold be amended to include an averment of negligence based upon the failure to quickly treat the perforation. The Court reasoned that the amend-ment was allowed because the amendment did not add a new cause of action but merely amplified the general averment in the complaint that the defendants were negligent in "otherwise failing to use due care and caution under the circumstances." In contrast, here, the Appellants do not seek merely to amplify their general averment of a state cause of action in negligence with other averments of state causes of action in negligence, instead, they seek to add back into the second amended complaint a whole new cause of action, namely, a federal civil rights statutory cause of action. Thus, *Connor* does not require a finding that the federal claims were included in the second amended complaint or that they should be permitted to amend their complaint to add the federal claims. *See, e.g.*, Reynolds v. *Thomas Jefferson University Hospital*, 450 Pa.Super. 327, 676 A.2d 1205 (1996), *allocatur denied*, 549 Pa. 703, 700 A.2d 442 (1996)(*Connor* did not require permitting plaintiff to amend her complaint to include an allegation of defendants' negligence in failing to refer plaintiff to a medical specialist, where the general allegation of defendants' being negligent in their "failure to act properly under the circumstances" appeared only in that part of the complaint dealing with defendants' intubating the plaintiff improperly and the amended averment of negligence involved defendants' failure to refer plaintiff to a specialist based on plaintiff's extubation and not her intubation).

. . . .

Appellant received neither the consent of the court nor that of appellee prior to filing the amended complaint to the same number and term of court to which he had filed the original complaint. The court did give appellant permission to file an amended complaint with respect to Taormina but **expressly** did not give permission with respect to appellee. The amended complaint as to appellee is therefore a nullity.

*Catanese*, 437 Pa. at 522–23, 263 A.2d at 374 (emphasis added). Appellants argue that as in *Catanese* their failure to follow the rules of civil procedure regarding the first and second amended complaint renders them a nullity and therefore makes the originally filed complaint the operative complaint.

We disagree. First, we find *Catanese* distinguishable from the present case. In *Catanese*, the plaintiff amended his complaint in direct contradiction of a previous order of court which had dismissed the plaintiff's cause of action against a defendant on the merits of the case. In addition, the defendant expressly opposed the amendment. In contrast here, the trial court did not prohibit the plaintiff from amending his complaint; in fact, the trial court fully acquiesced in the amendment, as did Philadelphia when it waived its right to object to the amendment under Pa. R.C.P. No. 1028. Moreover, by holding that the second amended complaint is a nullity in this appeal due to Appellants' failure to comply with the Rules, the Appellants would benefit by such a conclusion. In contrast, in *Catanese*, by declaring the amended complaint a nullity, the party who violated the rules of civil procedure was punished by such a holding. We do not believe that a party should be allowed to benefit by his/her own violation of the Rules of Civil Procedure, which is another consideration that distinguishes *Catanese* from this case. *See, e.g., Jenkins v. Blanchfield,* 297 Pa.Super. 95, 443 A.2d 316, 319 (1982)("we are reluctant to reward a party who violates rules of court to the disadvantage of other parties to a proceeding.").

Since the second amended complaint did not contain any allegation of federal claims, and it was the operative complaint, the trial court did not err in precluding evidence of the federal claims which the Appellants sought to resurrect after the filing of the second amended complaint long after the statute of limitations on the federal claim had run. We conclude that the trial court's order precluding evidence of the federal claims reached the correct result and, therefore, affirm the order on grounds other than those given by the trial court.

## *O R D E R*

AND NOW, this 8 th day of June, 2000, the order of the Court of Common Pleas of Philadelphia County, granting the City of Philadelphia's motion in limine, dated October 28, 1998 and docketed at the April Term 1994, No. 3494 is hereby affirmed.