Keith Dougherty, Appellant,
v.
Jonathan Snyder Former Zoning Officer Former BCO North Hopewell Township.
No. 1200 C.D. 2009.
Commonwealth Court of Pennsylvania.
Submitted: November 20, 2009.
Filed: January 29, 2010.

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM
Keith Dougherty (Dougherty), pro se, has appealed the order of the Court of Common Pleas of York County (common pleas court) that sustained the preliminary objections of Jonathan Snyder (Snyder), dismissed Dougherty's complaint, and directed the prothonotary to mark the case "Discontinued."
This case has a complicated procedural history. Initially, Dougherty petitioned for a writ of mandamus in this Court, No. 553 M.D. 2007, on November 19, 2007. In his petition Dougherty alleged the following:
1. On or about 8/17/2006 Kenneth Brady (beneficial owner of property in question, president of related corporation, and subcontractor for Docson Consulting LLC) properly applied for a building permit in accord with PA UCC Act 45 as amended (hereafter `Act').
2. In violation of the administrative requirements of the Act no determination with regard to the permit was accomplished until 10/14/2006. . . .
3. On or about 4/15/2007 in violation of the Act a verbal stop work order was issued.
4. When questioned as to the reasoning for the stop Jonathan Snyder declared `work was being done not authorized by the original permit'.
. . . .
6. A determination was made that all work was properly authorized however the Zoning Enforcement Officer was unfamiliar and suspicious of the new engineered lumber being utilized.
. . . .
8. A request to return to work on the project was denied.
. . . .
10. On or about June 20th a request for inspections required for the completion of the framing inspection were [sic] made.
11. Approximately 3 week [sic] went by without any notification (whereby under the Act these inspections should be deemed approved).
12. A personal visit to the Zoning Enforcement Office was made by Keith Dougherty whereby he was informed no further inspections would be completed until a septic system permit had been obtained in violation of the Act as Inspections are specifically referred to in the allotted time mandates. . . .
13. In no fewer than four (4) subsequent phone conversations arrangements were made with the Zoning Enforcement Officer whereby the Officer scheduled inspections on either a specific day or made an assurance to have the inspection completed by the end of the week in question ultimately not showing up and not providing any explanation.
14. At a meeting of the Board of Supervisors 11/05/2007 Jonathan Snyder falsely represented to the board that his actions were in compliance with the Act and proceeded to perjure himself in utilizing as an excuse for the subsequent refusal to perform the required and requested inspections that he was not aware that the original plan application called for the expansion of the existing 3 bedroom home to a 4 bedroom home. Beginning as a 1250 square ft home 3 bedroom with a clear proposal to expand to 2000 sq ft of finished living space and 750 sq ft of unfinished living space.
15. At the conclusion of the proceedings Jonathan Snyder declared and it was seeming [sic] confirmed by at least one of the board members as well as the attorney present the `old building code has been superseded by the Pennsylvania Uniform Construction Code and the permit issued on 10/14/2006 for the 12534 Mt. Olivet Rd project had expired' in accordance with the terms of the Act that specifically prohibits duplication of effort and fees. . . . . And then it was declared Keith Dougherty never had a permit while `Ken Brady is no longer in the picture'. . . the inference being Keith Dougherty lacks standing. There exists and is on file a properly executed POA [Power of Attorney] whereby Jean Brady has named Ken Brady and Keith Dougherty to act on her behalf. Jean Brady suffered a heart attack on 2/12/2007 and her doctor has deemed these proceedings too stressful for her to be directly involved. (Citations omitted).
Petition for a Writ of Mandamus, November 16, 2007, Paragraph Nos. 1-4, 6, 8, and 10-15 at 2-5. Dougherty sought a writ of mandamus to direct Snyder, the building code official, to declare that Dougherty's building permit was still valid.
This Court determined that it did not have jurisdiction and transferred the controversy to the common pleas court. Snyder received a copy of the petition, but the sheriff never served him. Dougherty then sent a ten day notice to Snyder pursuant to Pa.R.C.P. No. 237.1(a)(2). Snyder preliminarily objected. The common pleas court sustained the preliminary objections because of lack of required service. Dougherty moved for reconsideration which was denied.
Dougherty appealed to this Court but withdrew his appeal on the date that the common pleas court issued an opinion. On May 14, 2008, Dougherty filed an amended complaint against Snyder and added the Board of Supervisors of North Hopewell Township (Board) as a party.
The Board and Snyder each preliminarily objected to the amended complaint in mandamus.
On July 7, 2008, the common pleas court sustained Snyder's and the Board's preliminary objections and dismissed Dougherty's amended complaint in mandamus. Dougherty appealed to this Court. This Court affirmed and determined that the issue of whether Dougherty properly served Snyder with the original complaint was moot because when Dougherty filed an amended complaint the amended complaint took the place of the original complaint and Dougherty failed to question whether the Township's actions constituted an improper taking and whether the prothonotary failed to enter a default judgment in favor of Dougherty and against Snyder. Dougherty v. Snyder, (Pa. Cmwlth. No. 1450 C.D. 2008, Filed March 6, 2009).
On March 26, 2009, Dougherty filed a complaint in mandamus in the common pleas court and sought reinstatement of his original complaint which had been dismissed by the common pleas court after it sustained Snyder's preliminary objection based on lack of proper service. This new complaint was filed at the original docket number in the common pleas court and also listed this Court's docket number, No. 1450 C.D. 2008, where Court had affirmed the dismissal of Dougherty's amended complaint.
On April 8, 2009, Snyder preliminarily objected and alleged:
1. The case is filed to the same number and term as the original complaint against Snyder. It was dismissed pursuant to preliminary objections by Snyder which were sustained upon appeal by the Plaintiff [Dougherty] to the Commonwealth Court. This case is, therefore, terminated and cannot be revived. The issues in the Complaint are res judicata.

2. The Complaint alleges it is seeking reinstatement, `Under the rules of mandamus, Pa.R.C.P. 1091.' Pa.R.C.P. 1091 merely states that cases in mandamus, `shall be in accordance with the rules relating to civil actions.' No rule relating to a civil action permits reinstatement under these circumstances.
3. The Complaint in Mandamus fails to comply with the Rules of Civil Procedure.
Preliminary Objections of Jonathan Snyder, April 8, 2009, Paragraph Nos. 1-3 at 1-2.
By order dated May 22, 2009, the common pleas court sustained the preliminary objections, dismissed the complaint, and directed that the case be marked discontinued. The common pleas court reasoned:
Upon receipt of a defendant's preliminary objections, the plaintiff may file an amended pleading within 20 days. .. . If he does not do so and the preliminary objections are eventually sustained, the plaintiff may file a motion or make some request with the court that he be permitted to file an amended complaint. . . . The court shall then permit the plaintiff to file a new or amended pleading within 20 days or `within some other time as the court shall fix.' . . . . Where a plaintiff does not make that request and instead files an answer to preliminary objections, however, the court need not later permit the plaintiff to file an amended pleading. . . .
Here, Plaintiff [Dougherty] neither amended his Complaint within 20 days of Defendant's [Snyder] filing his Preliminary Objections, nor requested that he be permitted to do so after dismissal of his Complaint. Instead, Defendant [sic] [Dougherty] filed an Answer to the Preliminary Objections and then appealed this Court's decision to the Commonwealth Court.
In light of Plaintiff's [Dougherty] pursuing an appeal rather than seeking to amend his Complaint, at this time Plaintiff's [Dougherty] opportunity to file a new Complaint and pursue this action has expired. (Citations omitted).
Common Pleas Court Opinion, May 20, 2009, at 3-4.
Dougherty moved for reconsideration which the common pleas court denied.
Dougherty now raises the following issues:
1. Can an amended complaint whose author did not obtain leave of the Court or Approval of defense, which was met with preliminary objections be treated as an operative complaint for the express purpose of voiding the due process rights of a citizen attempting an appeal of a governmental institution?
II. Can Local Custom or local rule whose interpretation and enforcement serves to erode the Bill of Rights be sustained?
III. Are constitutionally protected rights to redress the Government or file a grievance for amounts [sic] to a `taking' void in Pennsylvania?
IV. Must there be an Eminent Domain proceeding prior to the calculations for `fair value'?
V. Did Stephen P. Linebaugh [common pleas court] commit an error in law by ignoring his responsibilities under Rule 708 and further granting preliminary objections as to a properly presented reinstatement when relying on a `legally void' non pleading?
VI. Did Stephen P. Linebaugh [common pleas court] abuse his discretion in his interpretations of Civil Procedure relating to Rule 126?
Dougherty's Brief at 7.[1]
Initially, Dougherty contends "if an Amended Complaint is filed without the leave of the court and or agreement of the defendant and is responded to with preliminary objections it is a legal nullity. And can not [sic] later be used as the operative complaint by way of seeking a default judgment in an effort to seize property without a hearing." Dougherty's Brief at 9. Because the amended complaint in effect never existed, Dougherty argues that the original complaint or petition should still be in force except for the defective service which was cured when the so-called reinstated complaint was properly served.
This Court does not agree. By order dated April 10, 2008, the common pleas court had sustained Snyder's preliminary objections to the original petition for writ of mandamus and had dismissed the petition without prejudice. The common pleas court stated, "The Order is entered without prejudice to Petitioner [Dougherty] to have the Complaint for Mandamus reinstated and served in accordance with the Rules of Civil Procedure." Order Sustaining Preliminary Objections, April 10, 2008, at 1. If Dougherty desired to reinstate his complaint, he should have simply followed the rules for service contained in the Pennsylvania Rules of Civil Procedure. Instead, Dougherty chose to appeal the common pleas court's order to this Court and then chose to withdraw the appeal. He then filed the amended complaint. This Court rejects Dougherty's reasoning that the amended complaint was a "nullity" and he has the opportunity at any time to reinstate or refile his original complaint in mandamus.
In Catanese v. Taormina, 437 Pa. 519, 263 A.2d 372 (1970), William Catanese (Catanese) had filed a complaint against Anthony Taormina (Taormina) and A. Benjamin Scirica (Scirica) "claiming damages for malicious abuse of process." Catanese, 437 Pa. at 520, 263 A.2d at 373. The Court of Common Pleas of Montgomery County sustained the preliminary objections of Scirica and dismissed the complaint as to him. The Court of Common Pleas of Montgomery County sustained the preliminary objections of Taormina, unless Catanese filed a more specific complaint within twenty days. Catanese filed an amended complaint against both Taormina and Scirica. Again, they preliminarily objected. The Court of Common Pleas of Montgomery County sustained the demurrer sought by Scirica and dismissed the amended complaint as to him. The Court of Common Pleas of Montgomery County overruled the preliminary objections of Taormina. Catanese appealed the order that dismissed the complaint against Scirica to our Pennsylvania Supreme Court. Catanese, 437 Pa. at 520, 263 A.2d at 373.
Our Pennsylvania Supreme Court dismissed Catanese's appeal and reasoned:
The question whether the court below acted properly in dismissing the complaint rather than permitting amendment (as it did with respect to Taormina) is not before us now. When the period during which an appeal could have been filed expired, the doctrine of res judicata became applicable to the cause of action the complaint attempted to state.
That is the first flaw with respect to the amended complaint. Both the original and amended complaints consist of twelve paragraphs. Nine paragraphs of the amended complaint are identical to the correspondingly numbered paragraphs in the original complaint. Of the paragraphs that differ, the only amendment was the addition of documents of record as exhibits which show that five praecipes for writs of execution were filed over a period of 27 months and that on each of these occasions property of appellant was found and levied upon. It is obvious that the amended complaint only attempted to restate the cause of action that had been rendered res judicata by appellant's failure to appeal the dismissal of his original complaint. . . .
. . . .
As the new material in the amended complaint consisted only of facts, no new cause of action was stated, and appellant is barred by the doctrine of res judicata.

Catanese, 437 Pa. at 521-522, 263 A.2d at 373-374.
Our Pennsylvania Supreme Court also determined that because Catanese had amended his complaint without the consent of either the Court of Common Pleas of Montgomery County or Scirica, the amended complaint was a nullity. Catanese, 437 Pa. at 523, 263 A.2d at 374.
This Court again addressed a similar situation in Vetenshtein v. City of Philadelphia, 755 A.2d 62 (Pa. Cmwlth. 2000). In Vetenshtein, Officer Aleksander Shwarz, a City of Philadelphia police officer, shot his cousin Alexander Vetenshtein (Vetenshtein) during a family argument. Vetenshtein, by his guardian Liza Vetenshtein, Liza Vetenshtein in her own right, and Vetenshtein in his own right (collectively, the Vetenshteins) filed a complaint (original complaint) in the Court of Common Pleas of Philadelphia County on May 17, 1994. The original complaint alleged that the City of Philadelphia had violated Vetenshtein's federal constitutional rights and referenced 42 U.S.C. §§1981-1988. In addition to the federal claims, Vetenshtein also alleged common law tort claims. The Vetenshteins' counsel attempted to amend the complaint and alleged the same state law claims but specifically noted 42 U.S.C. §1983 as the basis for the federal claims on June 1, 1994. The Vetenshteins' counsel became aware of the City of Philadelphia's intention to remove the suit to federal court before thirty days had expired after the filing of the original complaint. Counsel for both sides communicated. The Vetenshteins' counsel agreed not to pursue any federal claims against the City of Philadelphia as set forth in a letter to the City of Philadelphia's counsel on June 17, 1994. The first amended complaint was rejected by the prothonotary because the Vetenshteins failed to obtain either consent of counsel or leave of court in accordance with Pa.R.C.P. No. 1033. Before the Vetenshteins' counsel was aware of the rejection of the first amended complaint, the Vetenshteins' counsel mailed a second amended complaint which deleted the explicit federal claims made earlier. Even though the prothonotary had rejected the first amended complaint, the prothonotary accepted the second amended complaint, though there was no leave of court or consent by the City of Philadelphia. Vetenshtein, 755 A.2d at 63-64.
On January 18, 1995, the City of Philadelphia moved for summary judgment on the basis that the claims against the City of Philadelphia were barred by Sections 8541-8542 of the Judicial Code, 42 Pa.C.S. §§8541-8542. On March 3, 1995, Vetenshteins' counsel sent a letter to Philadelphia's attorney and informed him that the Vetenshteins intended to pursue federal claims. Philadelphia attempted to remove the case to federal court. The federal court refused to permit removal. After the case was transferred back to the Court of Common Pleas of Philadelphia County, Philadelphia answered with new matter and asserted that the federal claims were barred by the statute of limitations. The Court of Common Pleas of Philadelphia County granted Philadelphia's motion in limine to prevent the Vetenshteins from presenting any evidence against it. The Court of Common Pleas of Philadelphia County certified the order as being one of controlling law; this Court permitted the appeal. Vetenshtein, 755 A.2d at 62.
The issue for this Court was whether the Court of Common Pleas of Philadelphia County erred when it concluded that the letter from counsel effected a discontinuance of Section 1983 claims and that the statute of limitations foreclosed any attempt to reinstate the federal claims. Vetenshtein, 755 A.2d at 65. This Court determined that the Court of Common Pleas of Philadelphia County erred when it determined that the June 17, 1994, letter acted to discontinue the federal claims but it did not err when it determined that the March 3, 1995, letter was an attempt to effect a reinstatement beyond the statute of limitations period. However, this Court also addressed the effect of the second amended complaint:
Although Counsel's June 17, 1994 letter could not affect the pleadings so as to delete the federal claims, the second amended complaint which did delete the federal claims was accepted and was filed by the prothonotary. Although the second amended complaint did not strictly conform to Pa.R.C.P. No. 1033, it was filed of record with the trial court and did constitute a pleading, albeit not in strict compliance with the rules. However, neither obtaining leave of court or [sic] obtaining the filed consent of the defendant involves a matter of jurisdiction and can be waived by failure of opposing counsel to file preliminary objections for failure of the amended complaint to conform to the rules of court. . . . Such a waiver occurred in this case. After Appellants [Vetenshteins] filed the second amended complaint, Philadelphia did not object to the Appellants' [Vetenshteins] failure to obtain the trial court's express consent or to Appellants' [Vetenshteins] failure to file Philadelphia's written consent to the amendment. Because Philadelphia never filed objections to the second amended complaint, it became the operative complaint. .. . Since the second amended complaint was the effective complaint and it did not contain any allegations of a federal claim, the trial court did not err in precluding evidence of the federal claims. . . .
Notwithstanding the foregoing Appellants [Vetenshteins] argue that because the second amended complaint did not conform to Pa.R.CP. No. 1033 in that it was not filed with the consent of the court nor the filed consent of Philadelphia it was a nullity and the original complaint was the effective complaint. In support of their contention, Appellants [Vetenshteins] cite to Catanese . .. . We disagree however, that Catanese requires a finding that the second amended complaint was a nullity.. . . .
First, we find Catanese distinguishable from the present case. In Catanese, the plaintiff amended his complaint in direct contradiction of a previous order of court which had dismissed the plaintiff's cause of action against a defendant on the merits of the case. In addition, the defendant expressly opposed the amendment. In contrast here, the trial court did not prohibit the plaintiff from amending his complaint; in fact, the trial court fully acquiesced in the amendment, as did Philadelphia when it waived its right to object to the amendment under Pa.R.C.P. No. 1028. Moreover, by holding that the second amended complaint is a nullity in this appeal due to Appellants' [Vetenshteins] failure to comply with the Rules, the Appellants [Vetenshteins] would benefit by such a conclusion. In contrast, in Catanese, by declaring the amended complaint a nullity, the party who violated the rules of civil procedure was punished by such a holding. We do not believe that a party should be allowed to benefit by his/her own violation of the Rules of Civil Procedure, which is another consideration that distinguishes Catanese from this case. . . . (Footnotes and citations omitted).
Vetenshtein, 755 A.2d at 67-69.
Although Dougherty cites both Catanese and Vetenshtein, neither case supports his position. In Catanese, our Pennsylvania Supreme Court determined that Catanese's amended complaint was barred by the doctrine of res judicata[2] because, by order, the Court of Common Pleas of Montgomery County had already dismissed the complaint based on the preliminary objections of Scirica and Catanese had not appealed. Similarly here, the common pleas court dismissed Dougherty's original complaint based on the preliminary objections of Snyder. Dougherty appealed, but he subsequently withdrew his appeal before this Court. When this Court affirmed the dismissal of the amended complaint, Dougherty attempted to reinstate the original complaint. As in Catanese, this reinstatement of the original complaint was barred by res judicata.
Dougherty has pointed to another part of the Catanese opinion which he believes supports his contention that the amended complaint was a nullity because he did not obtain leave of court to file, and Snyder preliminarily objected. A party, herein Dougherty, may not use non-compliance with the Pennsylvania Rules of Civil Procedure to advance his own position. Vetenshtein. That is what Dougherty is trying to do here.[3]
Snyder has moved for imposition of attorney's fees and costs pursuant to Pa.R.A.P. 2744. Snyder asserts that the appeal to this Court is frivolous, obdurate, and vexatious. Pa.R.A.P. 2744 provides:
In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
(1) a reasonable counsel fee and
(2) damages for delay at the rate of 6% per annum in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule. (emphasis added).
The question of whether to award costs is a matter within this Court's discretion. Waste Management v. Unemployment Compensation Board of Review, 651 A.2d 231 (Pa. Cmwlth. 1994), petition for allowance of appeal denied, 541 Pa. 629, 661 A.2d 876 (1995).
This Court agrees with Snyder that this appeal is frivolous. The common pleas court acted properly when it dismissed the "reinstated" complaint and discontinued the matter. Dougherty raised no legitimate issues and spent much of his brief attacking the prior decision of this Court and matters unrelated to the controversy at hand. This Court grants Snyder's motion and concludes that Snyder is entitled to attorney's fees, even though Dougherty has proceeded pro se. This matter is remanded to the common pleas court to determine the amount of fees. Pa.R.A.P. 2744.[4]
Accordingly, this Court affirms and the case is remanded to the common pleas court to calculate the award of attorney's fees. This Court denies Dougherty's motion to supplement the record.

ORDER
PER CURIAM
AND NOW, this 29th day of January, 2010, the order of the Court of Common Pleas of York County in the above-captioned matter is affirmed and this case is remanded to the Court of Common Pleas of York County to calculate an award of attorney's fees. This Court dismisses Jonathan Snyder's motion for permission to file a brief as moot and denies the motion of Keith Dougherty to supplement the record. Jurisdiction relinquished.
NOTES
[1] This Court's review is limited to a determination of whether on the facts alleged the law states with certainty that no recovery is possible. Hawks by Hawks v. Livermore, 629 A.2d 270, 271 n. 3 (Pa. Cmwlth. 1993). This Court must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer.
[2] doctrine of res judicata encompasses two related, yet distinct, principles: technical res judicata and collateral estoppel. . . . Technical res judicata . . . provides that when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded. . . . Collateral estoppel, on the other hand, acts to foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment . . . .
Technical res judicata applies when the following four factors are present: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.
Maranc v. Workers' Compensation Appeal Board (Bienenfeld), 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000), petition for allowance of appeal denied, 537 Pa. 636, 642 A.2d 489 (1994).
[3] Dougherty next contends that a "Local Custom or local rule whose interpretation and enforcement serves to erode the Bill of Rights" cannot be sustained. Dougherty's Brief at 7. As his brief is not divided into sections that correspond with the issues presented in his "Questions for the Court," it is difficult to determine what exactly Dougherty is arguing. However, references to the Bill of Rights in his brief appear to attack this Court's prior decision at 1450 C.D. 2008. This Court will not review its prior decision in this circumstance.

Dougherty also contends that constitutionally protected rights to redress or file a grievance for what amounts to a taking are void in Pennsylvania and questions whether there must be an eminent domain proceeding prior to the calculation of fair market value. These issues have no bearing on the controversy before this Court, which involves the dismissal of the complaint and the discontinuance of the case.
Dougherty next contends that the common pleas court erred and ignored its responsibilities under 42 Pa.C.S. §708 when it sustained preliminary objections to a properly presented reinstatement request and relied on a legally void non pleading. Because this Court has already determined that the amended complaint was not void, it need not address this issue.
Finally, Dougherty contends that the common pleas court abused its discretion with respect to interpretations of Pa.R.C.P. No. 126.
Pa.R.C.P. No. 126 provides:
The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.
Essentially, Dougherty suggests that this Court should allow his attempt to refile a complaint that has already been dismissed. His request goes well beyond the scope of the rule.
[4] Snyder moves for permission to file a brief. That motion is mooted. Dougherty has also moved to supplement the record. That motion is denied. This Court has a complete record before it.